BESSIE ARMSTRONG BALCH v. THE STATE.

No. 19474. Delivered March 3, 1938.
State's rehearing denied April 20, 1938.

328

The opinion states the case.

*Myres & Myres*, of Fort Worth, for appellant.

*R. L. Crosier*, County Attorney, of Godley, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale in a dry area; the punishment, a fine of $100.00 and confinement in jail for 60 days.

Operating under what they thought to be a sufficient search warrant, officers went to appellant's private residence for the purpose of making a search for intoxicating liquor. Two of the officers went to the back door. At this juncture we quote from the testimony of one of said officers, as follows: "I didn't break in. Davis and I went to the back door, and Davis pushed in the door." After gaining entry in the manner mentioned, the officers told appellant they had a search warrant. We quote from the testimony of one of the officers at this point, as follows: "On that particular night when we searched the premises of Bessie Armstrong Balch, the defendant in this case, we told her we had a search warrant, and she told us she didn't want to see it, and told us to go ahead and search." As a result of the search, the officers discovered, in appellant's bedroom, a little more than a quart of whisky.

Appellant resided at 304 Robbins Street in Cleburne, Texas. In the affidavit and search warrant the premises were described as follows: "302 East Robbins Street in Cleburne, Johnson County, Texas." It was averred in the affidavit and warrant that the premises were in the possession of Bess Armstrong. Appellant objected to the testimony of the officers touching the result of the search on the ground that the warrant did not authorize a search of the premises in the possession of the appellant at 304 Robbins Street. It appears from the testimony that No. 302 Robbins Street was a vacant lot.

Among other things, the statute requires that the affidavit and search warrant contain the name of the "person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate." Article 316, C. C. P. Obviously, the names Bessie Armstrong Balch and Bess Armstrong are not the same. The officers not having a warrant authorizing the search of appellant's premises, objection to the reception of their testimony touching the result of the search should have been sustained. See Ollison v. State, 17 S. W. (2d) 62. Again, the officers had no warrant authorizing the search of premises at 304 Robbins Street. In Cornelius on Search and Seizure, page 320, it is said: "Where the premises sought to be searched are described by a certain street number, obviously such a description will not authorize a search of some other street number * * *."

The officers endeavored to justify the search on the ground that appellant gave her consent. It has been observed that after the officers had pushed in her back door and informed her that they had a search warrant appellant told them she did not care to see the warrant, and to go ahead and search. We are of opinion that the language attributed to ppellant is not sufficient to constitute a waiver. In Monroe v. State, 8 S. W. (2d) 133, it is shown that the officers informed the accused that they had a search warrant. After being so informed, he told the officers to go ahead and search. In holding that consent was not shown, this Court, speaking through Judge LATTIMORE, used language as follows: "We do not believe that one who is informed by the officers that such officers are in possession of and armed with a search warrant, who then tells the officers that they may go ahead and search, puts himself in the attitude of one who can be held, in the estimation of the jury, to have thus waived his legal objection to such search."

In Jordan v. State, 11 S. W. (2d) 323, it appears that the searching officers advised the accused that they had a search

warrant, and asked her if she had any objection to a search of the premises being made. She answered: "No; go ahead and search." In reversing the judgment of conviction, we held that the remarks attributed to the accused were not sufficient to show that the search was authorized by her consent. In Dixon v. State, 2 S. W. (2d) 272, this Court said: "We are of opinion that one who is informed by the officers that they have a search warrant under which they propose to search his house, who says nothing further than, 'All right; go ahead,' can not be held thereby to waive irregularities in the search warrant, or to have given his consent to the search without warrant."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State, through the Hon. R. L. Crosier, County Attorney of Johnson County, files a motion for rehearing, asserting that the evidence shows a search made with appellant's consent, and insisting that such position is supported by Hogland v. State, 124 Texas Crim. Rep. 344, 62 S. W. (2d) 137, and Hall v. State, 105 Texas Crim. Rep. 365, 288 S. W. 202. In the case first mentioned officers met Hogland on the road before reaching his premises and upon being advised that they had a search warrant he told them they needed no warrant, to go ahead and search. In Hall's case it is shown that he lived on a farm consisting of about 100 acres upon which was a residence, barn and a number of outhouses. The officers went upon the premises and informed him they had a search warrant, whereupon he told them to go ahead and search anywhere they wanted to, that they needed no search warrant. In the present case the officers, acting under the defective warrant, *pushed* the door to appellant's house open and were on the inside before anything was ever said to appellant about them having a search warrant. There was nothing else she could say but "Go ahead and search." They had already effected an illegal entry into her house. The claim that she had at former times told the officers they needed no warrant to search her place was not relied on by them, else why procure a warrant for the instant search?

We think the two cases mentioned wholly unlike the present

case and can not agree that the holding in our original opinion herein overruled in effect those named.

The State's motion for rehearing is overruled.