LEE MIERS v. THE STATE.

No. 20269. Delivered March 22, 1939.

The opinion states the case.

*Adkins & Adkins,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for possession of liquor in dry area for purposes of sale; punishment is assessed at a fine of $250.00.

This record shows that two inspectors for the Texas Liquor Control Board and a deputy constable went to the home of appellant to make a search for liquor. They knocked on the front door and when appellant's wife came to the door and asked them what they wanted, they told her they were officers and wanted to search the house for liquor. She told them all right, but to wait until she got back in bed and then go ahead. Appellant was asleep in the hallway when the officers got into the house. They told him the object of their visit and he told them to go ahead and search. His wife testified that she did not give her consent, merely asked them to wait until she got into bed to make the search. There was testimony from one of the searching officers that while they had a search warrant, they did not tell either appellant or his wife that they had it. As a result of the search, some twenty-two half-pints of whisky were found. Appellant timely objected to testimony by the officers as to what they found as a result of the search on the grounds that the officers did not exhibit a search warrant and searched said premises without the consent of the defendants. The search warrant in question, if any, is not included in the record.

Whether or not the officers had a legal warrant to search appellant's premises is of no moment, since they had obtained permission to make the search. If the officers had *informed* appellant or his wife that they had a search warrant, when in fact they had none, or if they had had an illegal warrant, and by reason thereof had obtained permission to make the search, a different question would have been present. See Balch v. State, 115 S. W. (2d), 676.

However, we think this case comes within the rule announced

by this court in the cases of Cass v. State, 61 S. W. (2d), 500; Ennox v. State, 94 S. W. (2d), 473.

The search of appellant's premises under these circumstances. was not an unreasonable search, and the testimony of the officers concerning the whisky found as a result of said search was admissible in evidence, since consent had been obtained therefor.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.