JIM CHILDRESS v. STATE

No. 28,384. October 10, 1956.

*J. R. (Billy) Hall*, Littlefield, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant's motion for rehearing is granted, the original opinion is withdrawn, and the following is substituted in lieu thereof:

This is a conviction for violating the liquor laws, with punishment assessed at a fine of $750 and 120 days in jail.

Under and by virtue of a search warrant, peace officers searched the private residence of the appellant and found hidden under the floor of the northeast bedroom a large quantity of whisky.

No one was present or in the house at the time of the search. Entrance was obtained by prizing a door open.

The search warrant, under which the search was made, described in minute detail the location of the house authorized to be searched thereunder, as follows:

"* * * the first house facing north along the south side of the second street leading East from slaughter *a*venue south of the tra*f*ic control light, said light being at the *e*ntersection of Slaughter Avenue and FM 301 *r*oad in Sundown, Texas said house being a white colored house and immediately east of the old Sikes Coffee Shop building * * *."

The search warrant did not allege that the house situated upon the described premises was occupied by appellant as his private residence or that it was his residence. In the warrant the allegation was merely that the house was "the premises occupied by, in charge of and under the control of Jim Childress."

We have searched this record in vain for any evidence showing that the residence which was searched and in which the

liquor was found was upon the premises described in the search warrant.

Appellant strenuously objected throughout the trial that the search of his residence was made by reason of an invalid search warrant.

To meet that objection, the state was under the burden of proving that the liquor was found upon the premises authorized to be searched by a valid search warrant. This the state wholly failed to do.

The premises searched must correspond with those described in the warrant. Balch v. State, 134 Tex. Cr. R. 327, 115 S.W. 2d 676.

In the case mentioned, the warrant described the premises to be searched as "302 East Robbins street," while the premises searched were located at 304 Robbins Street. It was held that the right to search was restricted to the premises described in the warrant.

It is impossible to say from this record that the residence searched was that described in the warrant. If the residence searched was not that described in the warrant, then no valid search warrant authorizing the search existed.

The judgment is reversed and the cause is remanded.