BILLY HUGH ERVIN V. STATE

No. 29,329. December 18, 1957.

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, *Alton R. Griffin,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of whisky, vodka and gin in a dry area for the purpose of sale; the punishment, one year in jail and a fine of $1,000.00.

Search of appellant's residence was made under authority of a search warrant which described the premises to be searched as "a private residence located at 611 Ute St. in the City of Lubbock, Lubbock Co., Texas * * * and being the premises occupied by, in charge of and under the control of person or persons whose name or names and whose description or descriptions *ae* unknown to the affiants."

Objection was made to the testimony offered by the state showing the search of appellant's residence and the evidence secured as a result of said search, the ground being that appellant's house which the officers searched was not the premises described in the search warrant.

The trial court heard evidence in the absence of the jury at which the search warrant and affidavit upon which it was issued were offered. There was evidence introduced at this hearing to the effect that appellant had on a prior occasion given the address of the house as being 611 Ute Street and an officer

testified that he had been sent to find the premises which had been searched and was able to locate appellant's house because there was no other house in the area which could be number 611 Ute Street.

All of the evidence shows, however, that the house searched under said warrant (1) had no number on it; (2) was not in the city of Lubbock, and (3) had it been numbered in accord with the system used in the city of Lubbock it could not have been 611 Ute Street, or any other odd number; that (4) properly numbered, 611 Ute Street was a vacant lot.

In Balch v. State, 134 Texas Cr. Rep. 327, 115 S.W. 2d 676, 677, the search warrant described the premises as 302 East Robbins Street, which was a vacant lot. Balch resided at 304 Robbins Street.

This court, in holding that the search of Balch's residence at 304 Robbins Street was not authorized under the warrant, quoted from Cornelius on Search and Seizure, p. 320: "Where the premises sought to be searched are described by a certain street number, obviously such a description will not authorize a search of some other street number * * * ."

The search was authorized only of the premises described in the warrant and the affidavit therefor, and oral testimony as to appellant's having stated on a prior occasion that the address of the house was 611 Ute Street was not available to aid the description set out in the warrant.

Had the warrant and affidavit alleged that appellant occupied the premises a different rule might well be applied.

The search of appellant's home was not authorized under the search warrant, and the trial court erred in admitting the evidence in regard thereto.

The judgment is reversed and the cause is remanded.