## GAYNELLE McCORMICK V. STATE

No. 31,143. January 6, 1960

Motion for Rehearing Overruled February 10, 1960

DAVIDSON, Judge, dissented.

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, by *J. Q. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of whisky and vodka in a dry area for the purpose of sale; the punishment, a fine of $500.

A search of a night club, known as the Cotton Club, resulted in the finding of seven four-fifth bottles of whisky and vodka behind the concession stand. Three bottles were sitting under the counter close to the cash register and three were under a table against the counter. A partially filled fifth was found in the store room. All of the bottles had been opened.

Appellant, upon whom the search warrant was served, was pointed out by the ticket taker as the person in charge of the club. She was asked if she was the manager of the place, and she said she had it leased.

It was stipulated that Lubbock County was a dry area.

It is contended that the search under the warrant was unlawful because there was an insufficient description of the premises to be searched.

The search warrant authorized the search of the "Cotton Club"; and described it as being in Lubbock County, and stated that it was located on the Slaton Highway No. 84 in the city of Lubbock, "and to include all automobiles, outbuildings and appurtenances thereto."

The place searched was the "Cotton Club" which, according to a map of the city of Lubbock, was located upon "Southeast Drive" which was also indicated upon the map as "ALT 84."

The evidence heard by the court in the jury's absence showed that this branch of U.S. Highway 84 goes from 34th Street toward Slaton, and another branch of said highway goes from the traffic circle and cuts across toward Slaton, but there was no such highway in Lubbock County as "Slaton Highway No. 84."

Other evidence before the court was that the Cotton Club was located on the old highway 84 which leads to Slaton and not on designated U.S. Highway 84, and that there was no other "Cotton Club" in Lubbock County. There was also testimony that "ALT 84" meant alternate Highway 84.

That the premises searched and the place described in the warrant are the same is apparent. There was but one "Cotton Club" in Lubbock County. It was located on a highway leading to Slaton which was an alternate, but not the presently designated U.S. Highway 84.

The description as to location of the Cotton Club being on "Slaton Highway No. 84" was not precisely or technically accurate. It need not be. All that is required is that there be sufficient definiteness to enable the officer to locate the property and distinguish it from other places in the community. Rhodes v. State, 134 Tex. Cr. R. 553, 116 S.W. 2d 395.

The trial judge did not err in admitting in evidence the whisky found behind the concession stand in the Cotton Club.

The remaining ground for reversal is the failure of the trial judge to charge on circumstantial evidence. We overrule the contention that under the evidence stated such a charge was called for.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

This conviction stands or falls upon the sufficiency of the search warrant by virtue of which the premises alleged to have been operated by and alleged to be in the possession of appellant were searched and intoxicating liquor found as a result thereof.

The place to be searched was described in the search warrant as "A certain place in Lubbock County, Texas, described as (a) Night Club known as the Cotton Club located on the Slaton Highway No. 84 in the city of Lubbock, Lubbock County, Texas . . . . "

The validity of the search warrant is attacked because no such place as that described in the warrant was shown to exist, and the "place" searched was not that described therein but was situated at another and different location.

Mills, senior engineering assistant with the Highway Department who had control of the maps showing the highway system within Lubbock County, Texas, testified that there was no highway in this state officially designated "Slaton Highway No. 84" but that there was a U. S. highway in the city of Lubbock which was designated "U. S. Highway 84."

The witness was asked:

"Is the Cotton Club located on any part of U. S. Highway 84 within the city of Lubbock . . . . ?"

The witness replied:

"No, sir, it is not located on U. S. Highway 84."

The witness identified and there was introduced a map showing the roads, city routes, and U. S. highways in the city of Lubbock. The witness located on that map the Cotton Club which was searched and which was shown to be on "Spur 331" between "Farm to Market (Road) 835 and U. S. Highway 84."

56

From this testimony, which is undisputed, there is no "Slaton Highway No. 84" in the city of Lubbock and there is no "Cotton Club" situated on such a highway.

The "Cotton Club" that was searched was not on "Slaton Highway No. 84" in the city of Lubbock.

Whether there was or was not a "Slaton Highway No. 84" or a "Cotton Club" on such a highway is not the material inquiry. To the contrary, the material inquiry is whether the premises searched were the same as the "Cotton Club" described in the search warrant.

Before the writing of the opinion of the majority of this court in this case, I had deemed it axiomatic that the premises searched must correspond with those described in the search warrant. Such, however, is no longer true. Reference is here made to Balch v. State, 134 Tex. Cr. R. 327, 115 S. W. 2d 676; Childress v. State, 163 Tex. Cr. R. 467, 294 S. W. 2d 110; Ervin v. State, 165 Tex. Cr. R. 391, 307 S. W. 2d 955.

We are not here dealing with any question as to the sufficiency of the designation of the place to be searched as set out in the search warrant. The description contained therein was clear and unambiguous as to location. The place searched happened not to be in that locale.

Moreover, attention is called to the fact that the premises to be searched were described only as a "place," with no designation as to whether that place was a residence, a building, or a room, nor was the name of the owner or occupant thereof stated.

If both state and federal constitutional guarantees against unreasonable and unlawful search and seizure are yet in force in this state and are to be honored and enforced by the courts, the defect in the search warrant precluded the receipt in evidence, over appellant's objection, of the result of the search of the premises in the possession of the appellant.

The premises searched were not those described in the search warrant. The search warrant did not authorize the search of those premises. The search and the evidence obtained as a result thereof violated not only the constitutional guarantees mentioned but also the express provisions of Art. 727a, Vernon's C. C. P., which says that:

"No evidence obtained . . . in violation of . . . the Constitution or laws of the United States or of this State shall be admitted in evidence . . . . "

I enter my dissent to the affirmance of this case.