### JAMES LEROY COLLINS V. STATE

No. 32,078.  June 22, 1960

Rehearing Overruled Nov. 9, 1960

*Charles E. Heidingsfelder, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., F. M. Hooey,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is the unlawful possession of marihuana; the punishment, 10 years.

Search of an apartment at 1007-A Pleasantville Drive, in Houston, resulted in the finding of several bags of marihuana and some marihuana cigarettes.

Appellant was not present when the search was made. The searching officers obtained information as to his whereabouts and some of them went to a cafe about a mile and a half away, took him into custody, and brought him in his automobile to the apartment. Other officers had remained with Alice Marie Mallory who was found in the apartment.

Appellant's automobile was searched and a bag of marihuana was found under the dash board.

Appellant first complains that Officer Grey was permitted to testify as to what he found at the apartment in his absence, his contention being that the search warrant named "L. C. Collins"

and not James Leroy Collins, and that there was no proof that appellant resided at the apartment.

Officer Grey testified that he had known appellant since he (Grey) was about 4 years old; that they had gone to school together, and that he knew him as L. C. Collins. There was no testimony to the contrary, nor was the question of variance in the names raised in the trial court before the jury returned its verdict.

The search warrant was obtained after Officer Grey and a fellow officer had been observing the apartment for a month; had seen appellant go to bed there several nights; had seen him enter the apartment in the daytime and at night. The witness Grey further testified that appellant "would come to this place and he wouldn't leave;" that he had peeped in the window and seen him go to bed with Alice Marie Mallory; that appellant had a key to the apartment, and that appellant said he lived there.

The testimony of Officer Grey was not inadmissible for the reasons advanced in this complaint.

The remaining complaints relate to the admission of the evidence relating to the arrest of appellant at the cafe; the search of his automobile; the admission in evidence of the marihuana found in the car, and the evidence relating to its finding.

The search warrant named L. C. Collins and Alice Marie Mallory as the persons occupying the apartment and who had in their possession the narcotic drugs. The warrant not only directed the search of the premises but the arrest of L. C. Collins and Alice Marie Mallory.

The officers who made the search and arrest also made the affidavit for the issuance of the warrant. There is sufficient evidence to establish that appellant was the person referred to in the warrant and affidavit as L. C. Collins.

The officers having found narcotics on the premises described in the warrant, their right and duty to arrest the persons named in the warrant was not restricted to the premises searched and the warrant was not conditioned upon such persons being found on such premises. Appellant's arrest was authorized and the search of his automobile was lawful as an incident to such arrest.

The officers' testimony also showed probable cause to search

appellant's automobile. In the jury's absence Officer Grey testified:

"Q. Now, Officer Grey, what information did you receive that caused you to go arrest this defendant? A. We received information that he was selling marihuana at that time around this cafe in the 100 block of Carolina and that he'd have marihuana in his pocket or in his car.

"Q. One or the other? A. That's right, sir."

"Q. (By Mr. Heidingsfelder) After you arrived at the Pleasantville residence to search the place, you say that you got information while you were there that Collins was selling some marihuana? A. I got information in the general area that Collins was in, that place; and then from this particular woman, she said that he'd probably have some with him.

"Q. You are talking about this Mallory, the one that is charged with him also. Is that correct? A. No. But when we got to this location, Clinton Park area, we were contacted by the same person that gave us the first information and told us where he was and what he was doing.

"Q. They told you that they saw him in there? A. They saw him there and that he'd just sold some marihuana and that he would have some in his pocket, or in his car."

The judgment is affirmed.

On Appellants Motion for Rehearing.

DICE, Judge.

Appellant insists that we were in error in holding admissible the testimony of Officer Grey as to what was found in the search of the apartment under the search warrant because the search warrant was issued in the name of "L. C. Collins" and appellant's name is James L. Collins. In support of his contention, appellant cites Balch v. State, 134 Tex. Cr. R. 327, 115 S..W. 2d 676, and other cases, which hold inadmissible evidence of the results of a search under a search warrant where there is a material variance between the name of the person stated in the warrant to be the occupant of the premises and the true name of such person.

As stated in our original opinion, Officer Grey testified that he

had gone to school with the appellant and knew him as L. C. Collins. Appellant offered no testimony to the contrary and raised no question of a variance in the names in the trial prior to return of the jury's verdict.

Under the record we remain convinced that the evidence is sufficient to testablish that appellant was the person referred to in the search warrant as L. C. Collins and that evidence of the search was properly admitted by the court.

Appellant's arrest at the cafe away from the premises searched was authorized under the terms of the search warrant and the search of his automobile was lawful as incident to the arrest. Giacona v. State, 169 Tex. Cr. R. 101, 335 S.W. 2d 837.

The motion is overruled.

**O**pinion Approved by the Court.