Raymond C. GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48005.

Court of Criminal Appeals of Texas.

April 17, 1974.

Rehearing Denied May 8, 1974.

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough and Jim Ezer, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted by a jury of the offense of possession of heroin. The court assessed his punishment at 15 years' imprisonment.

Appellant's first two grounds of error relate to the admission into evidence of a quantity of heroin seized during the execution of a search warrant at his mother's home.

The evidence reflects that on July 30, 1971, a search warrant directing appellant's arrest was issued, ordering the executing officers to search a private residence described as "a one-story white frame build-ing situated in the City of Houston, Harris County, Texas, located at 7307 Avenue 'L' ".

The officers located the appellant at a bar some distance from the Avenue L address and arrested him. They then placed him in a police car and carried him to Avenue L. On the way to the site, the appellant told the officers that we would give them the heroin since they were going to find it anyway. When asked why he was being so cooperative, he stated that his mother lived there, that she was old, and that he wished to avoid having her excited by a search.

Upon arriving at the location to be searched, the officers observed that the lot contained two separate houses surrounded by a single fence. One was a small un-painted one-room frame building, while the other was a white frame multi-room house, somewhat larger than the first. Appellant led the officers into the white house, and into a bedroom in the back of it. There he started to lift up the mattress on the bed. One of the officers intervened and, lifting the mattress himself, saw some cellophane envelopes which contained a substance lat-er shown to be heroin. A further search of the bed revealed an orange-drink carton stuffed into a pillow. The carton held oth-er envelopes which also contained heroin.

At the hearing on appellant's motion to suppress, evidence showed that the actual address of the house searched was 7309 Avenue L and that 7307 Avenue L was the address of the smaller, unpainted house on the same lot.

Appellant, relying on Balch v. State, 134 Tex.Cr.R. 327, 115 S.W.2d 676 (Tex.Cr. App.1938), argues that the warrant did not authorize a search of the premises numbered 7309 Avenue L.

Balch v. State, supra, is not strictly in point however, for in that case the address contained in the search warrant was that of a vacant lot. See also Ervin v. State,

165 Tex.Cr.R. 391, 307 S.W.2d 955 (1957). In the instant case, both houses were contained within the same lot, surrounded by a single fence. Further, while the actual number of the house searched was not that number listed in the warrant, the house otherwise conformed in all respects to the description given in the warrant. The smaller house, actually number 7307, did not match any of the physical characteristics of the house to be searched.

█ Under the circumstances, if no further description of the house to be searched had been given, other than its number, a more serious question would have been presented. However, the executing officers were entitled to rely upon the entire description given in the warrant. See Crumpton v. State, 147 Tex.Cr.R. 54, 178 S.W.2d 273 (1944). This included the physical description (which matched that of the house searched) and the allegations of control and occupancy. The warrant was sufficient to inform the officers of the location of the house they were to search. See Tyra v. State, 496 S.W.2d 75 (Tex. Cr.App.1973).

Appellant also contends that the court erred in not granting his motion for instructed verdict. Since his fifth ground of error challenges the sufficiency of the evidence, these grounds of error will be discussed together.

█ In view of appellant's oral statement that he would show the heroin to the policemen, and in view of his subsequent actions in leading them to it, appellant's contention that there was no affirmative link connecting him to the narcotic is without merit.

█ Appellant's fourth ground of error urges that the court improperly instructed the jury that conviction could be had on possession or control. Such instructions have been held proper. See Noah v. State, 495 S.W.2d 260 (Tex.Cr.App.1973).

The judgment is affirmed.