**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Joseph P. ROSSITTO, Defendant Below, Appellee.**

Supreme Court of Delaware.

Argued July 10, 1974.

Decided Nov. 8, 1974.

See also 287 A.2d 669.

Francis A. Reardon, Deputy Atty. Gen., for plaintiff below, appellant.

Stephen B. Potter, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., DUFFY, J., and WRIGHT, Judge.

DUFFY, Justice:

The issue for decision in this appeal involves a forfeiture proceeding on application by the State after entry of a guilty verdict.

## I

After waiving a jury trial, defendant was convicted of violating 11 Del.C. § 669 (keeping gambling paraphernalia) and on appeal this Court affirmed. Thereafter defendant moved in the Superior Court for the return of $1,152.75 which had been seized incident to his arrest and admitted into evidence at trial. The State then filed a petition asking that the moneys be forfeited. The Court denied the petition after concluding that a forfeiture proceeding is essentially civil in nature and that defendant is entitled to a jury trial. Cf. State v. Fossett, Del.Super., 11 Terry 460, 134 A.2d 272 (1957).

## II

A forfeiture proceeding is by nature a civil action *in rem,* 36 Am.Jur.2d, Forfeitures and Penalties § 17; 27 A.L.R. 2d 1138, and thus not personal to defendant. For a recent discussion of forfeiture see Astol-Calero-Toledo, etc. v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

Forfeiture proceedings in Delaware are governed by statute, 11 Del.C. § 2311(a) (2), which provides in part as follows:

> "If the papers, articles or things were allegedly used in the commission of a crime, they shall be returned to the person from whom seized if such person is not thereafter duly convicted of the alleged crime; but if such person is duly convicted of the alleged crime, the papers, articles and things shall be disposed of as the Court directs."

At common law a conviction was a condition precedent to forfeiture and although some states have abandoned that requisite, Delaware has not. Thus before the statute may be invoked there must be a "conviction" and that means a verdict based upon a finding of guilt made by either a judge or a jury. It does not follow from such finding, however, that forfeiture is automatically made, nor does it make any difference whether the seized property was admitted into evidence at trial. The statute permits forfeiture only if the property was "used in the commission of a crime" and that requires a determination made independently of a guilty verdict.

Forfeiture proceedings are subject to a statute of limitations, 10 Del.C. § 8114, providing as follows:

> "No civil action for a forfeiture upon a penal statute, whether at the suit of the party aggrieved, or of a common informer, or of the State, or otherwise, shall be brought after the expiration of 1 year from the accruing of the cause of such action."

As indicated above, a forfeiture procedure is civil in nature and, here, the action is clearly brought by the State under a penal statute. Hence, the one-year statute applies.

## III

■ Defendant was arrested on March 15, 1969 when the cash was seized. He was convicted on November 9, 1970 and this Court affirmed on January 12, 1972. No action was taken by the State to seek a forfeiture until after November 5, 1973. But, quite clearly, the cause of action for forfeiture had accrued not later than the date on which the conviction was affirmed. Thus it is undisputed that more than one year passed before the State pressed its rights under 11 Del.C. § 2311(a)(2) and, by that time, the statute had run. Accordingly, any action is barred and the claim must be dismissed.

## IV

Since this is the first appeal under the forfeiture statute, we take the occasion to announce additional norms of procedure which should be implemented by an appropriate Rule of the Superior Court.

■ A party asserting ownership of property used for unlawful purposes is entitled to a jury trial on the use issue. State v. Fossett, supra. But it does not follow that the jury which tried the criminal charge is disqualified to determine that issue. On the contrary, the Superior Court has subject matter jurisdiction of both civil and criminal cases and the reasonable administration of justice requires that both be tried to the same jury.

■ When forfeiture is sought the State should be obliged to file prior to trial (as part of the criminal action) an appropriate pleading or request so that notice and other procedural requirements of due process may be met. Thereafter, defendant should be accorded an opportunity to elect a trial by jury on the use issue; if he fails to demand such trial, he should be deemed to have waived it. When such demand has been made and a verdict of guilty has been returned by a jury, the jury should not be discharged immediately; additional evidence then may be received on the use issue, argument made and appropriate instructions given as to the same. The jury should then deliberate the use issue. If it returns a verdict to the effect that the property was used in the commission of a crime, the property is ordered forfeited (under the statute) and "disposed of as the Court [judge] directs." Before final disposition, the possible interests of third-parties in the property should be protected by public advertisement or otherwise. If the verdict is to the effect that the property was not so used, it is returned to defendant.

■ If defendant waives his right to a jury trial as to the criminal charge, he should be deemed to have waived his right to a jury trial on the use issue.

■ In every forfeiture proceeding the burden is upon the State to prove by a preponderance of the evidence that the property in question was "used in the commission of a crime."

\*     \*     \*     \*     \*     \*

Reversed and remanded for further proceedings not inconsistent with this Opinion.