**Johnny RUMFOLO et al., Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 1299.**

Court of Civil Appeals of Texas, Houston (14th Dist.)

March 10, 1976.
Rehearing Denied April 7, 1976.

**18**

Joe S. Maida, Houston, for appellants.

Carol S. Vance, Dist. Atty., Robert C. Bennett, Jr., Asst. Dist. Atty., Houston, for appellee.

COULSON, Justice.

This suit was brought by the State of Texas to declare a forfeiture of cash claimed as gambling proceeds. Pursuant to Article 18.18 of the Texas Code of Criminal Procedure (hereafter referred to as Article 18.18), the State sought a forfeiture of $3,920. Following a raid on a dice game, Houston police seized the cash from several individuals at the game. By order of the County Civil Court at Law of Harris County the cash was forfeited to the State as gambling proceeds. Those individuals from whom the cash was seized and forfeited have perfected this appeal. We reverse for the reasons set forth below.

On March 12, 1975, Appellants Louis Thomas Adams, George Colonetta, Cullen Duoto, Vernon Duoto, Mike Jamail, Charles Messena, and Johnny Rumfolo were engaged in a dice game at 1506 Tabor Street. Also present was an undercover policeman, C. D. Schumate. Other police, led by Officer Troy R. Driscoll, raided the game. Driscoll and his men knew that Schumate was present at the game. They had a search warrant for 1509 Tabor Street. After entering the premises at 1506 Tabor Street, they searched the participants and seized cash from the individuals' pants pockets and from one person's sock. Schumate remained in the background not making any arrests, searches or seizures.

A signal had been prearranged for Schumate to step outside by 11:00 p. m. so that Driscoll and his men would know to begin the raid. Schumate lost track of time and did not step outside as planned. Driscoll became concerned for Schumate's safety and entered the apartment at approximately 11:15 p. m.

Cullen Duoto observed the police through a window before they entered and alerted those at the game. By the time the police entered, all of the money used in the game had been pocketed or socked away. Schumate had participated in the game with bills which had had their serial numbers recorded beforehand. Checks in varying amounts were also seized.

The applicable portions of Article 18.18 provide:

(a) Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, for an offense involving a criminal instrument, or an offense involving a prohibited weapon, the court entering the judgment of conviction shall order that the machine, device, gambling equipment or gambling paraphernalia, instrument, or weapon be destroyed or forfeited to the state. If forfeited, the court shall order the contraband delivered to the state, any political subdivision of the state, or to any state institution or agency. If gambling proceeds were seized, the court shall order them forfeited to the state and shall transmit them to the grand jury of the county in which they were seized for use in investigating alleged violations of the Penal Code, or to the state, any political subdivision of the state, or to any state institution or agency.

(b) If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of the alleged gambling device or equipment, altered gambling equipment or gambling paraphernalia, gambling proceeds, prohibited weapon, or criminal instrument to show cause why the property seized should not be destroyed or the proceeds forfeited. . . .

(f) If a person timely appears to show cause why the property or proceeds

should not be destroyed or forfeited, the magistrate shall conduct a hearing on the issue and determine the nature of property or proceeds and the person's interest therein. Unless the person proves by a preponderance of the evidence that the property or proceeds is not gambling equipment, altered gambling equipment, gambling paraphernalia, gambling device, gambling proceeds, prohibited weapon, or criminal instrument, and that he is entitled to possession, the magistrate shall dispose of the property or proceeds in accordance with Paragraph (a) of this article.

Return was made to the Justice Court. There was no prosecution or conviction following the seizure of the monies and the Justice Court proceeded accordingly under paragraph (b) of Article 18.18. Appeal by trial de novo was brought to the County Court at Law. *See* Tex.Code Crim. Procedure art. 44.17 (1966). A hearing was conducted pursuant to paragraph (f) of Article 18.18. The trial court ordered all cash to be forfeited to the State, except for the $664 found in Donald F. West's sock. All checks were returned to the individuals from whom they were seized by the trial court's order.

Forfeiture proceedings are of a quasi-criminal nature. As succinctly stated by the Supreme Court, "Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law." *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965). *See also In re 1972 Porsche 2 Dr., '74 Florida License Tag ID 91780,* 307 So.2d 451 (Fla.Ct.App.1975); *State v. Merchandise Seized,* 225 N.W.2d 921 (Iowa 1975). The effect of a forfeiture proceeding is highly penal and statutes authorizing forfeitures of property are subject to careful scrutiny. *United States v. One 1970 Buick Riviera, Serial No. 949870H920701,* 374 F.Supp. 277, 279 (D.Minn.1973); *Reeder v. State ex rel. Myers,* 294 Ala. 260, 314 So.2d 853 (1975). Article 18.18, providing for forfeiture proceedings, and Article 44.17, providing for the appeal of an initial forfeiture proceeding, are both contained within the Code of Criminal Procedure. The posture of these statutes within our statutory framework indicates the quasi-criminal nature of forfeiture proceedings.

Nonetheless, forfeitures also partake of a civil action nature. They are hybrid in character, possessing both criminal and civil qualities. The Constitution's Fourth Amendment protection against unreasonable searches and seizures and the Fifth Amendment privilege against self-incrimination apply to forfeiture proceedings. *Berkowitz v. United States,* 340 F.2d 168 (1st Cir. 1965); *Doherty v. United States,* 500 F.2d 540, 544 (Ct.Cl.1974); *One 1970 Chevrolet Motor Vehicle v. County of Nye,* 518 P.2d 38, 39 (Nev.1974). All of the constitutional protections that attach in criminal proceedings do not attach to forfeitures. Double jeopardy does not attach. *Doherty, supra.*

Cognizant of the quasi-criminal nature of this forfeiture proceeding and our duty to closely scrutinize it, we turn first to the search.

The search warrant particularly described the premises to be searched as a residence at 1509 Tabor St., Houston, Harris County, Texas. The search was conducted at 1506 Tabor Street.

> Where the premises sought to be searched are described by a certain street number, obviously such a description will not authorize a search of some other street number . . . .

*Ervin v. State,* 165 Tex.Cr.R. 391, 307 S.W.2d 955, 956 (1957), *quoting from* Cornelius on Search and Seizure, p. 320; *Balch v. State,* 134 Tex.Cr.R. 327, 115 S.W.2d 676, 677 (1938). There can be no question that the search warrant was invalid as to 1506 Tabor Street. The question remains whether the search can be sustained on another valid ground.

Article 14.01(b) of the Texas Code of Criminal Procedure gives a peace officer the right to arrest, without a warrant, any offender for an offense committed within

his presence. The State contends that Schumate could have arrested the appellants because they were gambling in his presence. Furthermore, the State argues that Schumate could have conducted searches incident to the arrests he could have made. This may well be true. But it is not true that, as the State claims, Driscoll and his men could have conducted any searches or made any arrests that Schumate could have. No offenses were committed in their presence. It is true that an officer possessing sufficient knowledge to constitute probable cause for an arrest may communicate to the arresting officer only such information necessary to identify who was wanted, and the subsequent arrest will be valid. *McDuff v. State,* 431 S.W.2d 547, (Tex.Crim.App.1968); *Weeks v. State,* 417 S.W.2d 716 (Tex.Crim.App.1967). In this case, there was no communication from Schumate, the officer possessing sufficient probable cause to make an arrest, to Driscoll and his men, the arresting officers. In fact, it was Schumate's lack of communication that led to the arrests. Schumate did not communicate any information to the arresting officers. Consequently any searches made incident to their arrests were invalid.

The arresting officers may have had some other basis constituting probable cause to validate these arrests and searches. However, in view of our construction of Article 18.18, we need not explore further the question of probable cause.

More fundamental than the question of probable cause is the question of Article 18.18's constitutionality. Article 18.18 places the burden of proof on the person found in possession of the property to show cause why the property should not be forfeited. Such placement of the burden of proof amounts to a denial of due process.

The Fourteenth Amendment of the Constitution guarantees due process, as does the Texas Constitution by the term "due course of law" in Article 1, § 19. In that connection, we agree with the Supreme Court of Ohio's following analysis:

A statute subjecting property which is lawful in its ordinary and proper use to forfeiture if used in an unlawful manner is valid only if the forfeiture is perfected in a manner consistent with the procedural due process requirements guaranteed by both the Ohio and the United States constitutions.

*Sensenbrenner v. Crosby,* 37 Ohio St.2d 43, 306 N.E.2d 413, 414 (1974). Just as Ohio's forfeiture proceedings must comport with the Ohio and United States constitutions, so must Article 18.18 comport with due process as guaranteed by the Texas and United States constitutions.

Due process requires a placing of the burden of proof upon the party seeking a forfeiture of another party's claimed right, where the right claimed is of high importance. *Gunn v. Cavanaugh,* 391 S.W.2d 723, 726–727 (Tex.Sup.1965). To place the burden of proof upon the party claiming a right of high importance that others seek to forfeit is a denial of due process. Property rights are, in our opinion, of sufficiently high importance to require placement of the burden of proof on the State when forfeiture of lawful property is sought in a quasi-criminal procedure.

To require a standard of proof on the State less than the "beyond a reasonable doubt" standard in criminal cases is a denial of due process. *In re Winship,* 397 U.S. 358, 364–365, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In a quasi-criminal forfeiture proceeding, however, a standard less than the "reasonable doubt" standard does not deny due process. *Bramble v. Richardson,* 498 F.2d 968, 973 (10th Cir. 1974). *See also State v. Rossitto,* 331 A.2d 385 (Del.1974); *State v. Rodriquez,* 130 N.J.Super. 57, 324 A.2d 911 (Super.Ct., App.Div.1974). Due process, as guaranteed by the Texas and the United States constitutions, requires, at the very least, that the State prove by a preponderance of the evidence that the property sought to be forfeited was used in an illegal manner, where that property is derivative contraband. Articles which are not inherently illegal but are used in an illegal manner comprise derivative contraband. If

the property is contraband per se, those items whose possession alone constitutes a criminal offense, then a forfeiture proceeding is not necessary. *People v. Steskal,* 55 Ill.2d 157, 302 N.E.2d 321, 323 (1973).

Paragraphs (b) and (f) of Article 18.18 place the burden of proof in forfeiture proceedings on the party found in possession of lawful property to show cause why it should not be forfeited. This statutory scheme is an unconstitutional denial of due process under the Texas and United States constitutions. Article 18.18, paragraphs (b) and (f) are unconstitutional and the forfeiture proceedings conducted thereunder, and with which we are here concerned, are likewise unconstitutional and void.

We feel it imperative to note that in the United States, forfeiture exists only by virtue of statute. There is no common law forfeiture proceeding in Texas or the other states. Annot., 3 A.L.R.2d 738, 740 (1949).

The order of the trial court is reversed. It is rendered that the State return to each appellant the money seized from him.