David Allen SWINK, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–86–104–CR.

Court of Appeals of Texas,
Texarkana.

March 1, 1988.

Gregory Neeley, McDaniel & Neeley, Longview, for appellant.

William K. Gleason, Dist. Attorney's Office, Longview, for appellee.

BLEIL, Justice.

David Swink appeals his conviction for possession of a controlled substance. The trial court held a pretrial hearing on Swink's motion to suppress evidence and overruled the motion. Swink then pled guilty pursuant to a plea bargain agreement, which preserved his right to appeal the court's ruling on his motion to suppress. Swink contends that the trial court erred in overruling his motion to suppress because the search of his vehicle was outside the scope of the warrant and also because the State failed to prove that a warrantless search was justified under the circumstances. We find no error and affirm.

The search warrant was issued in Gregg County on October 3, 1985, at 8:25 p.m. The warrant refers to the place authorized to be searched as "the suspected place described in said Affidavit [the affidavit which appears on the reverse side of the search warrant]." The affidavit describes the suspected place as:

A family dwelling described as a trailer house which is light brown in color and sits at the end of a dirt driveway. The entrance to the driveway is 0.2 of a mile east of the intersection of Jordan Valley Road/Harrison Road on the southside of trailer house. There are several vehicles located at the residence also being described as a blue van displaying Texas license YW–7333, also beige Gran Torino, white Camero (sic) and a 2–door brown Cadillac and a Ford Pinto. This warrant should also include any outbuildings located on the suspected property where the trailer is situated. Also the entrance has mailbox silver in color which has the name of Murry Fisher inscribed on it. The front of the trailer has a porch.

The warrant also orders the arrest of each suspected party named in the affidavit.

Swink was one of the suspected parties named in the affidavit. He is the owner of the van described in the affidavit.

The search warrant was executed shortly after it was issued. However, prior to the issuance of the warrant, Swink drove his van away from the residence described in the warrant. The van was kept under surveillance after it left the residence. Once the warrant was issued, the van was stopped, Swink was arrested and the van was searched. A controlled substance was found in the van.

■■■ Swink maintains that the search of the van after it left the residence described in the warrant was not within the scope of the search warrant. When the scope of a search is contested because of the location of the items seized, the officers must show that they were properly in the place where the item was found. *Snider v. State,* 681 S.W.2d 60, 62 (Tex.Crim.App. 1984). The officers may show that they were properly in the place searched based on a search warrant. *Snider v. State,* 681 S.W.2d at 63. The search warrant specifically authorized the search of the van; it was one of the suspected places specifically described in the affidavit. The description in a probable cause affidavit controls the description in the search warrant. *Ellis v. State,* 722 S.W.2d 192, 198 (Tex.App.—Dallas 1986, no pet.). Also, Swink was one of the suspected parties whose arrest was ordered in the warrant. The search of his van was then lawful as incident to his arrest. *See Collins v. State,* 170 Tex.Crim. 196, 339 S.W.2d 913, 915 (1960). Because the search of the van was within the scope of the warrant, we need not address the question of whether a warrantless search of the van would have been justified.

We affirm the trial court's judgment.