STATE of Delaware

v.

Michael LLOYD, Defendant.

Superior Court of Delaware,
New Castle County.

Submitted: July 18, 1988.
Decided: Aug. 1, 1988.

Stephen M. Walther, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

Joseph A. Hurley, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

Before the Court for decision is a motion by Michael Lloyd seeking return of his property seized by the police when executing a search warrant. Michael Lloyd was indicted on November 12, 1986 for the September 20, 1986 murder of Jane Marie Prichard. Two search warrants were issued and executed at defendant's residence.[1] These warrants were issued by Justice of the Peace Court. Pursuant to these warrants, evidence was seized includ-

---

1. Two warrants were sought and executed as the police officers determined that evidence in addition to that specified in the first warrant could be located within the residence.

ing the subject matter of this motion: Bibles, classical literature, novels, factual books, and other written materials.

Subsequent to defendant's indictment, these materials became the subject matter of a motion to suppress evidence. A hearing on that motion was held and the motion was denied. On August 12, 1987 the State entered a *nolle prosequi* with regard to the charges pending against defendant. On June 17, 1988 defendant filed his "motion for return of property".

The Court ascertained that the State opposes this motion and scheduled an office conference to discuss the matter. At that conference (unreported) the State indicated that it is still investigating this case and wishes to retain the items seized to further that investigation. It was suggested that evidence may be found within the items seized. The State further contends that this Court has no jurisdiction to order the relief sought as there is no pending criminal charge; and, the search warrants were issued out of a Justice of the Peace Court.

■ I am satisfied that this Court has jurisdiction over the evidence seized in a case that has proceeded to indictment both under statutory law and incident to its common law powers to resolve the criminal case in its entirety. Title 11, Chapter 23 of the *Delaware Code* sets out the law governing search and seizure in this State. In that chapter it is specifically set forth what disposition may be made of lawfully seized property.

§ 2311. Disposition of Property Validly Seized.

(a) The following disposition shall be made of any papers, articles or things validly seized:

(1) If the papers, articles or things were obtained as the result of the commission of a crime, they shall be returned to their lawful owners;

(2) If the papers, articles or things were allegedly used in the commission of a crime, they shall be returned to the person from whom seized if such person is not thereafter duly convicted of the alleged crime; but if such person is duly convicted of the alleged crime, the pa-

pers, articles and things shall be disposed of as the court directs;

(3) If possession of the papers, articles or things seized is unlawful, they shall, upon petition, be disposed of as any Judge of the Superior Court directs.

(b) Any papers, articles or things validly seized may be retained by the police for a reasonable length of time for the purpose of apprehending the offender or using the papers, articles or things so seized as evidence in any criminal trial, or both.

In § 2311(a)(3), Superior Court is specifically designated as having jurisdiction to order disposition of "papers, articles or things" whose possession is "unlawful". A broad reading of this language would empower the Court to order the return of such property, when its continued possession by law enforcement officials is unlawful.

This section has been interpreted to allow for a forfeiture by this Court of property upon conviction and a proper hearing procedure. *State v. Rossitto*, Del.Supr., 331 A.2d 385 (1974). Likewise, where the defendant has not been "duly convicted", the "papers, articles or things ... shall be returned to the person from whom seized ...". 11 *Del.C.* § 2311(a)(2). This is routinely done by the Court in cases where an acquittal results.

Finally, this Court must have the inherent power to control the disposition and custody of property seized, once a criminal proceeding is initiated in this Court. To find otherwise, could easily result in bifurcated proceedings involving the same property.

■ The entry of a *nolle prosequi* terminates the State's prosecution of a criminal charge, but it does not automatically divest the Court of jurisdiction to hear matters involving post-trial relief. Note for example this Court's proceeding in *Campbell v. Cochran*, Del.Super., 416 A.2d 211 (1980) wherein a post-conviction motion for return of property was denied on other grounds.

The issue then becomes whether or not the State's continued possession of this property is justified under the law. The standard to be applied is that found in § 2311(b):

> Any papers, articles or things validly seized may be retained by the police for a reasonable length of time for the purpose of apprending the offender or using the papers, articles or things so seized as evidence in any criminal trial, or both.

In this case, the State alleges a continued need for the items seized in an attempt to develop evidence to support reinitiation of the charges, i.e. "apprehension". The State has had possession of these articles since October of 1986. The State has offered no particularized showing of continued need for these articles, but has generally averred that they may contain evidence.

The Court concludes that further extended possession of the seized items would be unreasonable. Mindful of the serious nature of the charges and the legitimate interests of law enforcement in following any productive leads to solve homicide cases, the Court will grant the State 60 days in which to further test or examine these items; or to submit evidence of a particularized need to retain specific items for a longer period of time.

IT IS SO ORDERED.