Joe **SCHWARTING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 904.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1974.

William S. Frank, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joe S. Moss, Robert C. Bennett, Jr., Ted Poe, Houston, for appellee.

CURTISS BROWN, Justice.

This is an appeal from an order granting the motion of the appellee State of Texas (the State) to confiscate property under the provisions of Vernon's Tex. Penal Code Ann. arts. 636, 637 (1952).[1]

Appellant Joe Schwarting (Schwarting) was arrested for and plead guilty to the charge of bookmaking. In the execution of the search warrant which lead to his arrest, officers of the Houston Police Department, Vice Division, seized bookmaking paraphernalia and $3,401.78 in cash. Schwarting was assessed three years probation for the bookmaking offense. He filed a motion for the return of the cash and the State countered with this motion to confiscate the money seized.

After hearing testimony, the trial court granted the State's motion. The order of the trial court does not specify the ground or grounds on which it ordered confiscation. Therefore, we must affirm if the order was justified on any basis supported by the pleadings and evidence.

Appellant brings four points of error. The first three charge that the trial court erred in ruling that the State was entitled to confiscate the money because (1) it was not contained in gambling devices, (2) it was never alleged or proved by the State that the money was seized in a gambling house, and (3) there was no evidence of any correlation between the amount of money seized and any gambling paraphernalia seized. The fourth point urges that the confiscation of this money would constitute a denial of equal protection under the law because it allows the State to extract an additional fine or penalty which would vary depending upon the amount of money an individual had in his possession when arrested.

Article 636, Tex. Penal Code Ann., provides that a peace officer in the execution of warrants shall seize and take into possession all gambling paraphernalia "of gambling houses, the existence of which has come to his knowledge. . . ."

1. These statutes have been repealed, effective January 1, 1974. Tex.Laws 1973, ch. 399, sec. 3, at 991.

Article 637, Tex. Penal Code Ann., provides for the disposition under court order of property or material seized under the provisions of Article 636. Sections 1 and 2 of Article 637 have no direct bearing on this appeal. It is significant that both sections specifically refer to and are predicated upon the seizure authorized by Article 636. Section 3 provides that if upon hearing of the matter referred to in Article 636, the judge determines that the property seized "is a gaming table, bank or gambling paraphernalia and equipment per se, or . . . that the same, or any part thereof, was in fact used as equipment or paraphernalia for a gambling house or was being used for gaming purposes, then any money or coins seized in or with said equipment or paraphernalia shall, by order of the Court, be declared confiscated, . . . ."

Appellant was arrested on the street. Part of the cash taken came from his person. The rest came from his nearby apartment. There is no evidence that the apartment was a "gambling house" as defined in Texas law.

■ The seizure before the court fails for two reasons: (1) the money was not seized from a "gambling house" and (2) the money was neither gambling equipment per se nor was it shown to be used in fact for gaming purposes.

Davis v. State, 165 S.W.2d 757 (Tex. Civ.App.—Amarillo 1942, no writ), is a case in which police raided a hotel room and seized two decks of cards, one set of poker chips, a half pint of whiskey, and $366 in cash. The trial court ordered confiscation. On appeal the Court reversed and rendered, holding that under section 3 of Article 637 it was essential to the granting of such relief that there be proof that the place of seizure was a "gambling house." The court defined a "gambling house" as follows:

a building, place, or room which is kept for the purpose of being used as a place to bet or wager, or to gamble with cards, or to keep or exhibit for the purpose of gaming, any bank, table, alley, machine, wheel, or device whatsoever.

■ In Schepps v. City of El Paso, 338 S.W.2d 955 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.), police officers raided a crap game in a private home owned by the mother of one of the players. The officers confiscated two pair of dice, one blanket, and $3,675 in cash. An action was brought to reclaim the cash. The trial court held that the home was a gambling house and that the money seized was part of the bank of the crap game. Schepps appealed and the court of civil appeals reversed. The court stated that property seized must be gambling equipment per se or equipment and paraphernalia for a gambling house. Money found in gambling devices such as slot machines may be legally seized with the devices; however, money is not gambling equipment per se. Therefore, to seize money it must be taken with gambling equipment in a gambling house.

The court went on to accept the definition of gaming or gambling house set out in Davis v. State, supra. It then stated:

There is no testimony that this house had ever been used as a gambling house before or after the date of the raid. Numerous cases in Texas have held that one occasion of gambling in a house will not be sufficient evidence for a finding of gambling house or gaming house. 338 S.W.2d at 959.

In accordance with its findings, the court reversed the trial court determination and ordered that the money be returned.

Section 3 of Article 637 contains the proviso that money or coins seized "in or with" equipment or paraphernalia "being used for gaming purposes" may be confiscated. The State produced no evidence that the money seized was in fact being used for gaming purposes. It is also clear from the evidence that the cash was not so commingled as to constitute an integral

part of gambling equipment. The testimony establishes that the money and betting slips were found together on appellant's person and in his apartment. There was no showing of any correlation between any of the betting slips or other gambling sheets and the money found.

▆ The State has wholly failed to show as a matter of law that the cash was either in a gambling device per se, an integral part of gambling paraphernalia, or taken in conjunction with the seizure of gambling equipment from a gambling house. Therefore, the confiscation was improper and the money must be returned. In view of this holding we do not find it necessary to reach appellant's equal protection assignment.

The judgment of the trial court below is reversed and rendered decreeing to appellant the money seized.

Reversed and rendered.

