**Rudolph DUGAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1427.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 30, 1976.

Rehearing Denied July 21, 1976.

Jean Hosey, Hosey, Presnall & Hosey, Galveston, for appellant.

Ronald L. Wilson, Crim. Dist. Atty., Galveston, for appellee.

CIRE, Justice.

This is an appeal from a judgment ordering forfeiture to the State of gambling proceeds. On December 6, 1974 appellant Rudolph Dugar was arrested in a gambling raid, and $7,692.39 was seized from him at that time. On December 16, 1974 the State of Texas brought suit in the 10th Judicial District Court of Galveston County, asking that the money be forfeited to the State as gambling equipment and paraphernalia under Article 18.18 of the Texas Code of Criminal Procedure. On March 18, 1975 appellant was convicted in the 122nd Judicial District Court of Galveston County of the offense of "Gambling Promotion: Operating a Gambling Place". Thereafter, on October 30, 1975, after a hearing in the 10th Judicial District Court, the money seized from appellant was ordered forfeited.

Article 18.18, Texas Code of Criminal Procedure, is entitled "Disposition of gambling paraphernalia, prohibited weapon, criminal instrument". Section (a) provides:

> Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, for an offense involving a criminal instrument, or an offense involving a prohibited weapon, the court entering the judgment of con-

viction shall order that the machine, device, gambling equipment or gambling paraphernalia, instrument, or weapon be destroyed or forfeited to the state. . .

> If gambling proceeds were seized, the court shall order them forfeited to the state . . . .

Sections (b)–(f) provide that if there is no prosecution or conviction following the seizure, a hearing shall be held at which the material seized may be ordered forfeited. This court has recently held that sections (b) and (f) are constitutionally invalid. *Rumfolo v. State*, 535 S.W.2d 16 (Tex.Civ. App.—Houston [14th Dist.] 1976).

The State contends that this proceeding and order were accomplished under the authority of section (a) and did not violate appellant's constitutional rights. The State's original petition was clearly brought under section (b), since it was filed prior to any prosecution or conviction. The court followed the procedures for notice and hearing as set out in section (b). The State asserts that since appellant was convicted of gambling promotion prior to the date of the court's order, the order was issued pursuant to section (a). Appellant argues that, even if this is true, the order is void because the court lacked jurisdiction even under section (a) to order forfeiture in this case.

Article 18.18, section (a) provides that "[f]ollowing the final conviction . . . the court entering the judgment of conviction shall order" forfeiture. The 10th Judicial District Court, the court which ordered forfeiture in this case, was not the court which entered the judgment of conviction. We think it is clear that the 10th Judicial District Court did not have jurisdiction under the plain language of section (a) to enter this order.

Appellant also contends the trial court was not authorized to enter its order under section (a) because appellant was not convicted of any of the offenses specified in that section as grounds for forfeiture. We agree. The offenses listed are: (1) possession of a gambling device or equipment or

altered gambling equipment, (2) possession of gambling paraphernalia, (3) an offense involving a criminal instrument, or (4) an offense involving a prohibited weapon. The State asserts that the offenses of possession of a gambling device (Tex.Penal Code Ann. § 47.06) and possession of gambling paraphernalia (Tex.Penal Code Ann. § 47.07) are lesser included offenses of the crime gambling promotion: operating a gambling place (Tex.Penal Code Ann. § 47.-03(a)(1)). Reasoning from this premise, the State argues that the court's authority under the express terms of section (a) to order forfeiture based on conviction for one of the lesser offenses implicitly includes the authority to order forfeiture upon conviction of the greater offense. We do not agree.

We express no opinion as to whether either or both of the gambling offenses specified in section (a) are lesser included offenses of the crime of gambling promotion. But even if the State's contention on that point were true, it would not follow therefrom that conviction of the greater offense would authorize forfeiture on the basis of the lesser. Forfeiture proceedings are conducted only by virtue of statute. *Rumfolo v. State, supra.* Article 18.18 is a penalty statute, quasi-criminal in nature, and is to be strictly construed excluding "anything beyond [its] letter even though within [its] spirit." *Gordon v. Busick,* 203 S.W.2d 272, 273 (Tex.Civ.App.—Galveston 1947, no writ). We cannot read Article 18.18, section (a) as authorizing forfeiture on the basis of an offense which is excluded from the list of those expressly named in the statute.

Since we find that the forfeiture of appellant's property was not authorized under the provisions of Article 18.18, section (a), we do not reach the question of the constitutional validity of that section.

The judgment of the trial court is reversed, and judgment is here rendered that the State return to appellant the money seized from him.

Reversed and rendered.