Harry Aristos ALEXANDER, Appellant,

v.

STATE of Texas, Appellee.

No. 7902.

Court of Civil Appeals of Texas,
Beaumont.

July 7, 1977.

Phillip E. Hosey, Galveston, for appellant.

Michael J. Guarino II, Galveston, for appellee.

KEITH, Justice.

The appeal is from a final judgment which declared money seized in a gambling arrest "was used as equipment and paraphernalia for gaming purposes, and that said money is capable of being used for some legal purposes".[1] It was ordered that the money be delivered to Galveston County under the provisions of Tex. Code Crim. Proc.Ann. art. 18.18(a) (Supp.1976-1977). We will designate the parties as "Claimant" and "State", respectively.

On December 6, 1974, Galveston Police Officers and Agents of the Department of Public Safety, armed with search warrants, arrested Claimant just outside of the premises at 612 Thirty-Eighth Street in the City of Galveston as he was preparing to leave. He was returned to the building, and the premises were searched and certain paraphernalia used in picking the winning numbers for the day in a policy or numbers operation was found. Claimant testified that the officers seized $711 when they searched him at this address.

The officers also had a search warrant covering the premises where Claimant resided at 7007 Broadway, and they were accompanied to the address by Claimant. The officers testified that they found gambling paraphernalia at this address too, al-

1. In Tex. Penal Code Ann. § 47.01(5) (1974), we find this definition: " 'Gambling paraphernalia' means any book, instrument, or apparatus by means of which bets have been or may be recorded or registered; any record, ticket, certificate, bill, slip, token, writing, scratch sheet, or other means of carrying on bookmaking, wagering pools, lotteries, numbers, policy, or similar games."

though this was disputed by Claimant in his testimony.

The officers also confiscated a large sum of money at this address, aggregating $13,-213 in currency, according to the testimony of Officer Davis. Claimant testified that he kept the money at home in his clothing [2] because the government had placed a lien upon his assets, and he had been wiped out of two bank accounts because of seizures by the Internal Revenue Service.

Claimant testified that this money was acquired from his operation of a paint and body shop and some of it had been borrowed recently from his ex-wife. Some of the money, according to his testimony, came from his demolition business. Upon cross-examination, he admitted, somewhat reluctantly, that some of the money might have come from his gambling operations.

The money was seized, as indicated earlier, on December 6, 1974. On December 16, 1974, the State filed two suits involving the seized money, suggesting that the money might be the property of Claimant and asking that it be forfeited following a hearing.[3] The two suits were consolidated for trial.

On December 12, 1974, the grand jury returned three separate indictments against the Claimant, alleging his participation in gambling activities at three different street addresses in the City of Galveston upon December 6, 1974, the date of the searches and seizures mentioned earlier. Each indictment contained two counts, one charging a violation of Tex. Penal Code Ann. § 47.03(a)(3) (1974), while the alternative count charged a violation of § 47.03(a)(1) (1974).[4] An offense under this section of the code is a felony of the third degree.

The indictments each recite that they were returned to the District Court of Galveston County, 10th Judicial District, Texas. On February 14, 1975, Appellant/Claimant entered a plea of guilty to one of the indictments and entered into a stipulation, approved by the trial judge, wherein he admitted the possession of gambling paraphernalia at 2401 Post Office Street in Galveston in violation of subsection (3) of the cited statute. He was found guilty, and his punishment fixed at confinement for a period of seven years, probated, and a fine of $2,500. The other two cases involving his alleged gambling activities at 612 Thirty-eighth Street and 7007 Broadway, respectively, were dismissed upon the same day.

■ Claimant's first point of error asserts that the forfeiture statute is unconstitutional relying upon the Court of Civil. Appeals' opinion in *Rumfolo v. State*, 535 S.W.2d 16 (Tex.Civ.App.—Houston [14th Dist.] 1976. This contention .was decided adversely to Claimant when the Supreme Court reversed and rendered judgment in the cited case. See *State v. Rumfolo*, 545 S.W.2d 752 (Tex.1976). The first point is overruled.

■ We quote Claimant's second point: "The Trial Court was without jurisdiction to forfeit Appellant's property." He cites *Rumfolo v. State, supra,* and *Dugar v. State*, 538 S.W.2d 852 (Tex.Civ.App.—Houston [14th Dist.] 1976), in support of his contention. Unfortunately, as viewed from Claimant's perspective, *Dugar* suffered the same fate as did *Rumfolo* : It, too, was reversed and judgment rendered upholding the validity of the statute as applied to Claimant's present complaint. *State v. Dugar*, Tex., 553 S.W.2d 102 (1977). Point two is overruled.

---

2. According to plaintiff, he kept the bills in separate suits, the $100 denominations in one suit, $50's in another, $20's in still another, etc. He kept a large number of one dollar denomination bills in a jump suit.

3. The second suit, involving the thirteen thousand dollar seizure at Claimant's home, recited that the Internal Revenue Service had levied a jeopardy assessment of $8,101.13 upon the fund so that there was only $5,112.17 subject to forfeiture to the State.

4. Tex. Penal Code Ann. § 47.03 (1974) reads in part:

"(a) A person commits an offense if he intentionally or knowingly does any of the following acts:

"(1) operates or participates in the earnings of a gambling place;

"(3) for gain, becomes a custodian of anything of value bet or offered to be bet."

In his third point Appellant contends that there was no evidence that the money seized was gambling proceeds. He cites only *Schwarting v. State,* 505 S.W.2d 399 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ), in support of his contention. We note that *Schwarting* arose under the old penal code, and the forfeiture was denied because the money was not seized in a gambling house nor was it shown to have been used for gambling purposes. *Schwarting, supra,* 505 S.W.2d at 401. The statute under which this case was tried does not require the State to make such proof in order to establish its right to prevail.

Moreover, Claimant was an interested witness at the hearing, and it is obvious from the judgment entered that the trial court did not accept his testimony. We also note that there was evidence from the police officers executing the search warrant that gambling paraphernalia was located in Claimant's residence on Broadway. Indeed, State's Exhibit 18—a small printing press with policy slips inside it used to conduct a policy operation—was found in the closet which also contained the clothing with the money in the pockets. Point three is overruled.

The judgment is AFFIRMED.

STEPHENSON, J., not participating.

