**Theresa BROWN and Jefferson Vaughn, Relators,**

v.

**Honorable James E. BARLOW, Respondent.**

**No. 04–84–00560–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 21, 1985.

Stephen E. Vangaasbeck, Eric Turton, San Antonio, for relators.

Charles Estee, San Antonio, for respondent.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

PER CURIAM.

We are asked in this original mandamus proceeding to vacate a district court order that orders the destruction of several items of personal property under the forfeiture provisions of TEX.CODE CRIM.PROC. ANN. art. 18.18 (Vernon Supp.1984). The petition for writ of mandamus is denied.

The record in this proceeding consists only of a certified copy of the order signed by respondent James Barlow, Judge of the 186th Judicial District Court of Bexar County, Texas, and a statement of facts of the hearing held below before Judge Barlow. This forfeiture proceeding apparently was originated by the State seeking forfeiture and destruction of the following items:

One (1) spiral note pad containing the names, preferences and prices charged persons seeking the services of prostitutes;

Four (4) steno pads containing the dates, times, payments and names of customers of the Respondent's [Brown's] prostitution business; and

Several loose pieces of paper containing the names of customers, dates and times (of appointments) and charges to customers of the prostitution business.

These pads and papers were seized in connection with the prosecution of relator Brown in a prior proceeding for the offense of aggravated promotion of prostitution. They were admitted into evidence at a hearing on a motion to suppress evidence but were not a part of the stipulated evidence admitted at trial. Brown's conviction for aggravated promotion of prostitution was affirmed by this Court in an unpublished opinion.

Subsequent to our affirmance of Brown's conviction, this proceeding was originated, and a hearing was held at which both sides appeared and argued but offered no evidence.

Judge Barlow's order found that the pads and papers were criminal instruments and contraband as defined by TEX.PENAL CODE ANN. § 16.01(b) (Vernon Supp. 1984). He ordered them destroyed but delayed their destruction "for 30 days to allow Relator [Brown] to take any appellate steps available to her." The order was signed under the cause number of the original criminal proceedings against Brown.

Brown claims that the pads and papers are her property. She argues in her brief that these documents are not criminal instruments, and that by offering no evidence at the hearing the State failed to meet its burden of proof. The State's primary contention is that we have no jurisdiction in this matter because Brown has an adequate remedy at law by way of appeal. In response to the State's contentions, Brown maintained at oral argument that she could not have appealed the order because it was filed under a criminal cause number. Brown reasons that since a forfeiture proceeding is in rem and civil in nature in that it is a suit against the thing and not against the person, there is no sentence imposed, but since the order bears a criminal cause number, the appellate timetables would begin to run from sentencing. *See* TEX.CODE CRIM.PROC. ANN. art. 44.08 (Vernon Supp.1984). She therefore argues that an appeal of this matter is impossible since there is no sentence to trigger the time when the appeal begins to run.

The exercise of mandamus jurisdiction is authorized only in cases where no other adequate remedy is available. If an appeal would provide an adequate remedy, our mandamus jurisdiction will not be invoked. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 829 (1961). In a case involving article 18.18, the Supreme Court impliedly held that such orders are appealable. *State v. Rumfolo*, 545 S.W.2d 752 (Tex.

1976).[1] *See also State v. Dugar,* 553 S.W.2d 102 (Tex.1977); *Alexander v. State,* 553 S.W.2d 825 (Tex.Civ.App.—Beaumont 1977, no writ). Destruction of the property could have been stayed by a supersedeas bond, TEX.R.CIV.P. 364, or perhaps by an original injunction proceeding in this court after perfection of the appeal. TEX.REV. CIV.STAT.ANN. art. 1823 (Vernon 1964). As we have noted, Judge Barlow's order suspended its execution for 30 days to provide Brown adequate time to pursue such remedies.[2] Brown cited us to *Rumfolo* in her brief and recognized at oral argument that that case was before the Supreme Court by way of appeal. Admittedly, she recognized that such orders are appealable but deliberately chose to pursue this petition for writ of mandamus rather than an appeal.

 We reject Brown's contention that the fact that the order bore a criminal cause number somehow circumvented her right to appeal. Bond forfeiture cases, for example, arise out of criminal proceedings but are controlled by the laws and rules applicable to the review of civil actions. TEX.CODE CRIM.PROC.ANN. art. 44.44 (Vernon 1979); *Surety Insurance Co. of California v. State,* 514 S.W.2d 454, 455 (Tex.Crim.App.1974). Proceedings of such nature are not beyond the scope of this Court's purview, and do not present us with any insurmountable jurisdictional problems. Likewise, a forfeiture proceeding is one in rem and is a proceeding of a civil nature. *State v. Rumfolo,* 545 S.W.2d at 754. Although the instant cause bore a criminal trial court number, it remained civil in nature and would have been treated in this Court as a civil appeal under the applicable rules of civil procedure. Brown's time to perfect her appeal from this order would have run from the date of the signing of the order. TEX.R.CIV.P. 306a.

 The second relator, Jefferson Vaughn, claims no ownership interest in the pads and papers. He claims that these documents are needed as evidence in a libel suit filed against him arising out of a statement made by Vaughn that the plaintiff in the libel suit was a client of Brown's. Vaughn alleges that the appearance of the plaintiff's name in the documents ordered destroyed would constitute an absolute defense to the libel action. Vaughn filed a Motion in Intervention in the proceedings below which was denied by Judge Barlow. He therefore has not invoked our mandamus jurisdiction. The writ of mandamus cannot be used to review an order refusing an intervention. *Matthaei v. Clark,* 110 Tex. 114, 216 S.W. 856, 861 (1919); *Boswell, O'Toole, Davis & Pickering v. Stewart,* 531 S.W.2d 380, 382 (Tex.Civ.App.— Houston [14th Dist.] 1975, no writ). Vaughn's remedy, if any, is by way of appeal. *Matthaei v. Clark,* 216 S.W. at 861. Thus, because Vaughn too has a remedy by way of appeal, we must deny his petition for writ of mandamus.[3]

Accordingly, relators' petition for writ of mandamus is denied. Our temporary orders entered at the time leave to file this writ was granted are dissolved.

---

1. Although *Rumfolo* was an appeal of a proceeding that originated in a Justice of the Peace Court, there is no question that Judge Barlow had jurisdiction to hear this matter. Article 18.18(b) provides that "the magistrate to whom the return was made" shall decide the forfeiture question. While the magistrate to whom the return is made is usually a justice of the peace, TEX. CONST. art. V, § 8 provides that the district courts shall have original jurisdiction in all suits on behalf of the State to recover penalties, forfeitures and escheats. The Supreme Court has held that art. 18.18 did no more than to grant concurrent jurisdiction to a court to which the return was made that was not also a district court. *State v. Dugar,* 553 S.W.2d 102, 105 (Tex.1977).

2. While we do not reach the merits of this action, we note that the State, by failing to offer evidence, did not meet its initial burden of proof. *See State v. Rumfolo,* 545 S.W.2d at 754. Had Brown perfected an appeal from this order she might well have prevailed.

3. Vaughn admitted at oral argument that he had other legal remedies available to him that he had not yet exhausted. Thus, even if he could show standing, he would not be entitled to the writ of mandamus.