United States Court of Appeals,

Fifth Circuit.

No. 91–3422.

UNITED STATES of America, Plaintiff–Appellant,

v.

LAND, PROPERTY CURRENTLY RECORDED IN THE NAME OF Gerald Franklin NEFF, a/k/a "Gerald F. Neff," "Gerald Neff," a/k/a "Jerry Neff," etc., Defendant–Appellee.

May 15, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before SMITH and EMILIO M. GARZA, Circuit Judges, and KENT,[*] District Judge.

JERRY E. SMITH, Circuit Judge:

The government appeals the district court's dismissal of its civil forfeiture action against a house owned by Gerald Neff ("Neff"). Because we are uncertain as to how the district court applied the burden of proof, we vacate and remand.

I.

In 1990, Neff was convicted of conspiracy to possess cocaine with intent to distribute it. While his criminal case was pending, the government filed a complaint for civil forfeiture of real property under 21 U.S.C. § 881(a)(7), alleging that Neff's house was used to facilitate the possession and/or distribution of controlled substances.

At the bench trial that followed Neff's conviction, an agent of the Federal Bureau of Investigation testified that Neff's nephew and coconspirator, Mark Neff, had supplied information to police to the effect that Neff had engaged in drug activity in his home and that the agent had monitored a conversation between the two Neffs during which a cocaine transaction was discussed. The government also introduced into evidence a transcript of a conversation between the Neffs that

[*]District Judge of the Southern District of Texas, sitting by designation.

apparently also concerned a drug deal.  The court then stated that the government had established probable cause that the property had been used for forbidden narcotics activities.

Neff then testified, denying the government's allegations.  He admitted to prior state possession convictions but stated that he had implemented a strict policy against the presence of illegal drugs in his home after 1986 and that he had never engaged in drug transactions there.  Three family members who had lived in the house testified to the existence of the policy and said that they had never seen drugs there.  On rebuttal, Mark Neff testified that he had seen cocaine at the house and that he and his uncle had engaged in drug transactions there, although his testimony partially contradicted that of the agent.  The court dismissed the complaint, and the government appeals.

II.

The government argues that the district court incorrectly placed the burden of proof on it rather than on Neff.  It asserts that once it established probable cause to believe that the defendant real property violated 21 U.S.C. § 881(a)(7), the burden of proof shifted to the claimant to prove by a preponderance of the evidence that it did not.  Instead, it states, the district court incorrectly believed that the burden of proof shifts only when the property holder asserts the "innocent owner" defense and that the government retains the burden of proving by a preponderance of the evidence that the property was involved in the crime, even after the government has shown probable cause.

The government correctly characterizes the proper burden of proof in civil forfeiture cases such as this one.  The forfeiture proceeding was based upon 21 U.S.C. § 881(a), which reads,

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . .

(7) All real property, ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to

the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Section 881(d) applies the provisions of the customs laws to forfeiture actions. Those laws provide that in seizure actions, "the burden of proof shall lie upon [the] claimant.... Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court." 19 U.S.C. § 1615.

We have held that after the government establishes probable cause, the burden shifts to the claimant to establish by a preponderance of the evidence that the property was not used for illegal activity or that the owners were "innocent." In *United States v. Lot 9, Block 2 of Donneybrook Place,* 919 F.2d 994, 997–98 (5th Cir.1990), we stated,

> The government's burden of proof is the same for all forfeiture actions under section 881. The government bears the initial burden of demonstrating probable cause to believe that the ... [property] was used to distribute or store illegal drugs.... If unrebutted, a showing of probable cause alone will support a forfeiture. [Citations omitted.]

This holding is not limited to the innocent owner defense. In *United States v. One 1986 Nissan Maxima GL.,* 895 F.2d 1063, 1065 (5th Cir.1990), we held that in a forfeiture action under section 881(a)(6), the government must establish probable cause, then "the burden shifts to [the claimant] to prove by a preponderance of the evidence that the money in question came from an independent, non-drug-related source." We see no reason to distinguish between section 881(a)(6) proceedings and those under section 881(a)(7); the language of the two sections is parallel.

The government's version of the burden of proof is thus correct; reliance upon another standard would be legal error. After reviewing the record, though, we cannot determine what burden of proof the district court imposed. Although some of the court's language indicates that it was imposing the incorrect standard, other of the court's statements suggest that it found that the government was not entitled to the property even under the proper standard.

After considering all of the evidence, the court may have concluded that Mark Neff, the source of the agent's hearsay testimony, who was a drug user admittedly testifying in the hope of reducing the punishment he faced for his own crimes, was so incredible that Neff's witnesses' testimony established by a preponderance of the evidence that the property was clean. As the trier of fact, the district court was situated, as we are not, to make such credibility determinations. *See, e.g., Amadeo v. Zant,* 486 U.S. 214, 223, 108 S.Ct. 1771, 1777, 100 L.Ed.2d 249 (1988); *Bryan v. Kershaw,* 366 F.2d 497, 499 (5th Cir.1966), *cert. denied,* 386 U.S. 959, 87 S.Ct. 1030, 18 L.Ed.2d 108 (1967).

Given the apparent contradictions in the testimony in the record, we cannot say that a determination that Neff's witnesses were credible, while the government's were not, would be clearly erroneous. We thus vacate and remand in order that the district court may make its findings in light of the proper burden of proof (assuming that it has not already done so). We emphasize though, that although the district court must apply the burden of proof as we have outlined it, the court is free to make its own determinations of credibility.

### III.

The government contends that the district court erred by excluding Neff's admission that marihuana and cocaine were in his house in 1986. According to the government, the complaint could have put Neff on notice that his house was subject to forfeiture for his previous drug activities. The complaint charged that Neff used the property to store and distribute drugs and their proceeds, and it described instances when the conduct had occurred. The government essentially argues that its claim did not have to mention every drug offense that had taken place on the property, but that it only had to put Neff on notice that violations had occurred and merely had to "allege facts sufficient to support a reasonable belief that the government could demonstrate probable cause for finding the property tainted." *United States v. One Parcel of Real Property,* 921 F.2d 370, 376 (1st Cir.1990).

After examination of the record, we do not believe that the court "excluded" the evidence of 1986 drug possession. The court heard evidence concerning events in 1986, including a stipulation to the 1986 misdemeanor marihuana conviction and Neff's admission that half a gram of cocaine was found in the house. Instead of excluding the evidence, the court considered it, stating, "To make absolutely clear, I do not hold that the '86 evidence is irrelevant. I hold that it cannot be the basis for the activity, as such, to give rise to the forfeiture."

We do not reverse the district court's decision on this basis. Especially in a bench trial, we give great deference to the district court's evidentiary decisions and to its method of considering the evidence. The 1986 drug evidence could not compel a decision for the government. Mere possession of the controlled substances is punishable under 21 U.S.C. § 844 by imprisonment for less than a year; absent inferences that the small amount of cocaine found meant that larger amounts were stored on the premises or that Neff distributed cocaine from his home, such possession would not support a section 881(a)(7) forfeiture action. Nothing in the record compelled such inferences; the district court thus did not abuse its discretion.

The judgment of dismissal is VACATED and REMANDED.