Williams v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-098-CR

     GALEN DEAN WILLIAMS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 29223
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Williams of one count of indecency with a child and three counts of
aggravated sexual assault. See Tex. Penal Code. Ann. §§ 21.11, 22.021 (Vernon 1989). The
jury assessed punishment at twenty-five years imprisonment on the indecency with a child count,
seventy-five years imprisonment on each of the aggravated sexual assault counts, and a $1000 fine
for each offense. Williams challenges the sufficiency of the evidence to support the convictions
in point one. In point two, he asserts that the State failed to prove that the outcry witness was the
first adult that the victim told of the incident. Finally, he challenges the constitutionality of the
parole law instruction. We affirm.
        In resolving the sufficiency-of-the-evidence issue, we view all the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Villalon v. State, 791 S.W.2d
130, 132 (Tex. Crim. App. 1990). The jury is the exclusive judge of the credibility of the
witnesses and is free to accept or reject any part of a witness' testimony. See Lackey v. State, 819
S.W.2d 111, 116 (Tex. Crim. App. 1989). 
      Williams argues that the evidence fails to exclude the possibility that another man assaulted
the victim. The child testified unequivocally that Williams was her assailant. Williams denied
committing the offense. The child's testimony is sufficient to support the jury's conclusion that
Williams assaulted her. See id. Point one is overruled.
      In point two, Williams claims the State failed to prove that the outcry witness was the first
adult to whom the victim made a "statement about the offense." See Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(a)(2) (Vernon Supp. 1994). Two days after the offense, the victim
approached a neighbor and requested that she be taken to visit a former baby-sitter. The baby-sitter testified as the outcry witness. The victim testified that this outcry witness was the first adult
she told of the offense. The baby-sitter testified that the neighbor had stated that the victim would
not tell the neighbor what was wrong. The court found that the elements of the statutory outcry-witness exception to the hearsay rule were satisfied and admitted the witness' testimony. 
      The trial court has broad discretion in determining the admissibility of this evidence. See
Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). The court's ruling will be reversed
only if a "clear abuse of that discretion is established by the record." Id. There was no such
abuse of discretion in this case. Point two is overruled.
      The trial court instructed the jury regarding parole, using the language set out by the
legislature in the Code of Criminal Procedure. See Tex. Code. Crim. Proc. Ann. art. 37.07,
§ 4(a) (Vernon Supp. 1994). Williams contends that his due process rights were violated by this
instruction, relying on the Fourteenth Amendment of the United States Constitution. The Court
of Criminal Appeals has held that the "parole instruction mandated in Article 37.07, Section 4(a)
does not violate federal due process." See Muhammad v. State, 830 S.W.2d 953, 956 (Tex. Crim.
App. 1992). Point three is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 19, 1994
Do not publish




p style="text-align: justify">     AS GAME TIME AMUSEMENTS,
                                                                         Appellants
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court # 99-000127
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      The State sought to forfeit twenty “eight-liner” machines, four slot machines, and other
evidence seized in the course of a gambling investigation. After a show-cause hearing, the court
found that the seized evidence constitutes gambling devices, gambling paraphernalia, or gambling
proceeds and ordered that this evidence be forfeited to the State. Milton Wayne Hardy and Lovell
Green Hardy, individually and doing business as Game Time Amusements, (collectively, the
“Hardys”) claim in six issues that the evidence is legally and factually insufficient to support the
court’s determination that the eight-liners and slot machines constitute gambling devices and
gambling paraphernalia.
BACKGROUND
      Officers from the Department of Public Safety, the Office of the Attorney General, and the
Office of the County Attorney of Johnson County executed a search warrant at Game Time
Amusements (“Game Time”) during the course of a gambling investigation. The officers seized
twenty devices commonly known as “eight-liners,” four slot machines, $2,340.25 in United States
currency, seventy-two $5.00 gift certificates for Wal-Mart/Sam’s Club, $130.00 in personal
checks, and other miscellaneous items.
      The State filed a petition seeking forfeiture of the seized items.


 On the same date, the trial
court issued a notice under article 18.18(b) of the Code of Criminal Procedure advising the Hardys
that they must appear and show cause why the seized property should not be destroyed or
forfeited.


 See Tex. Code Crim. Proc. Ann. art. 18.18(b) (Vernon Supp. 2001).
      Lovell Hardy testified that the eight-liners and slot machines are electronic devices which
operate at least partially by chance. When a player inserted money in one of these devices, the
machine would record the number of credits. For each play, the machine recorded the “bets”
made and reduced the available credits accordingly. For each win, the device recorded the number
of points won. When a player finished at a particular machine, he would summon the attendant
to “verify” his points. The attendant then depressed a button which caused the device to dispense
tickets in an amount corresponding to the number of points and which deleted that person’s
recorded point total so another could play. The “penny machines” dispensed one ticket for every
100 points accumulated. The “nickel machines” dispensed one ticket for every 500 points
accumulated. 
      Hardy testified that the 100-point tickets were worth $1.00 and the 500-point tickets were
worth $5.00. A player could exchange tickets for a $5.00 gift certificate to Wal-Mart/Sam’s Club
or for play on another machine. To exchange tickets for re-play on another machine, a player
presented his tickets to the attendant who placed the money in the device of the player’s choice.
      At the conclusion of the hearing, the court found that the seized eight-liners and slot machines
are gambling devices and gambling paraphernalia and ordered their forfeiture together with other
currency, gift certificates, and miscellaneous items which the court found to be gambling
paraphernalia or proceeds.
      At the Hardys’ request, the court filed findings of fact and conclusions of law. The court
made the following findings which are pertinent to this appeal:
g. That a player of the machines could obtain a Wal-Mart/Sam’s Club gift certificate as
a result of the play of the machines and that 72 such gift certificates were seized at Game
Time Amusements on March 10, 1999;
 
i. That the 72 Wal-Mart/Sam’s Club gift certificates, each valued at $5.00 for a total
value of $360.00, seized on March 10, 1999 are “things of value” and that the sixteen
(16) Wal-Mart/Sam’s Club gift certificates, each valued at $5.00 for a total of $80.00,
and awarded to Department of Public Safety undercover officers through playing the
machines at Game Time Amusements during the course of the investigation are “things
of value”; and
 
n. That the machines as identified in the State’s Motion For Forfeiture of Gambling
Proceeds, Devices, Equipment and Paraphernalia, do not qualify under the “gambling
device” exclusion set out in section 47.01(4)(B) of the Texas Penal Code.

The court stated in Conclusion of Law “a” that the twenty-four seized machines constitute
“gambling devices and gambling paraphernalia.”
BURDEN OF PROOF
      We begin with the settled proposition that forfeiture proceedings under chapter 18 of the Code
of Criminal Procedure are in rem proceedings which are civil in nature. See State v. Rumfolo, 545
S.W.2d 752, 754 (Tex. 1976); Janjua v. State, 991 S.W.2d 419, 422 n.3 (Tex. App.— Houston
[14th Dist.] 1999, no pet.); see also United States v. Ursery, 518 U.S. 267, 288-89, 116 S. Ct.
2135, 2147-48, 135 L. Ed. 2d 549 (1996). As such, they are governed by the rules applicable to
civil trials and appeals generally. See Janjua, 991 S.W.2d at 422 n.3; Fleming v. State, 704
S.W.2d 530, 531 (Tex. App.— Houston [14th Dist.] 1986, writ ref’d n.r.e.); Brown v. Barlow,
685 S.W.2d 406, 408 (Tex. App.— San Antonio 1985, orig. proceeding) (per curiam).
      The appropriate standard of review in a civil appeal in which the sufficiency of the evidence
is questioned depends on which party had the burden of proof at trial. See, e.g., Checker Bag Co.
v. Washington, 27 S.W.3d 625, 633 (Tex. App.— Waco 2000, pet. denied); Crow v. Burnett, 951
S.W.2d 894, 897 (Tex. App.— Waco 1997, pet. denied). Thus, we must first determine who has
the burden of proof in a show-cause hearing under article 18.18(f). See Tex. Code Crim. Proc.
Ann. art. 18.18(f) (Vernon Supp. 2001).
      Article 59.05(b), which governs a hearing commenced by the State to forfeit contraband used
in the commission of first and second degree felonies, drug offenses, and other listed crimes,
squarely places the burden on the State to prove its entitlement to forfeiture by a preponderance
of evidence.


 See Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon Supp. 2001). Article
18.18(f), however, allocates the burden of proof in a different manner.


 Id. art. 18.18(f). The
statute provides:
(f) If a person timely appears to show cause why the property or proceeds should not
be destroyed or forfeited, the magistrate shall conduct a hearing on the issue and
determine the nature of property or proceeds and the person's interest therein. Unless
the person proves by a preponderance of the evidence that the property or proceeds is not
gambling equipment, altered gambling equipment, gambling paraphernalia, gambling
device, gambling proceeds, prohibited weapon, criminal instrument, or dog-fighting
equipment and that he is entitled to possession, the magistrate shall dispose of the
property or proceeds in accordance with Paragraph (a) of this article.

Id.
      This statute plainly requires a property owner to prove by a preponderance of evidence that
the seized property is not contraband subject to forfeiture. Nevertheless, the parties cite the 1976
Supreme Court decision in Rumfolo as authority for the proposition that the burden actually rests
with the State to prove its entitlement to forfeiture by a preponderance of evidence.


 See Rumfolo,
545 S.W.2d at 754. In our view, Rumfolo does not support this proposition.
      In Rumfolo, the lower court held that article 18.18, subsections (b) and (f), violates the due
process and due course of law provisions of the federal and state constitutions because it places
the burden of proof on the property owner. See Rumfolo v. State, 535 S.W.2d 16, 21 (Tex. Civ.
App.— Houston [14th Dist.]), rev’d, 545 S.W.2d 752 (Tex. 1976). The Supreme Court rejected
this holding. The Court began by noting that due process requires only that the State provide
“notice reasonably calculated, under all the circumstances, to apprise interested parties of the
pendency of the action and afford them an opportunity to present their objections.” Rumfolo, 545
S.W.2d at 754 (quoting Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S. Ct. 30, 31, 34 L. Ed. 2d
47 (1972)); accord City of West Covina v. Perkins, 525 U.S. 234, 240, 119 S. Ct. 678, 681, 142
L. Ed. 2d 636 (1999) (due process in forfeiture proceeding requires notice and opportunity to be
heard); see also LaChance v. Erickson, 522 U.S. 262, 266, 118 S. Ct. 753, 756, 139 L. Ed. 2d
695 (1998) (“core of due process is the right to notice and a meaningful opportunity to be heard”);
University of Tex. Med. School v. Than, 901 S.W.2d 926, 930 (Tex. 1995) (due course of law “at
a minimum requires notice and an opportunity to be heard at a meaningful time and in a
meaningful manner”).
      The perception that Rumfolo places the burden of proof on the State comes from the following
statement in that opinion:
We construe Art. 18.18 to require the State to assume the burden to prove the proceeds
were used in the gambling activity and to trace the money to the named respondents. As
applied to this action, the statute clearly satisfies the constitutional requirement of
procedural due process. Here the trial court conducted an evidentiary hearing after notice
in writing to the respondents. After the State offered testimony concerning the gambling
by the named respondents and the results of the search following the raid, the respondents
had an opportunity to present evidence. The record shows the respondents or their
attorney were present but offered no evidence at the hearing. To require claimants to
show the property or proceeds is not gambling equipment or gambling proceeds as the
case may be, is compatible with the due process requirement that claimants receive notice
and be afforded an opportunity to present their objections to such forfeiture. In this case
the State has satisfied due process through its notice and the hearing afforded the parties.

Rumfolo, 545 S.W.2d at 754 (citation omitted).
      We view Rumfolo as requiring the State to make a prima facie showing that the property in
question is contraband subject to forfeiture. See Brown, 685 S.W.2d at 408 n.2 (“the State, by
failing to offer evidence, did not meet its initial burden of proof”). This is quite similar to the
burden applicable to forfeiture proceedings under title 19, section 1615 of the United States Code.


 
See 19 U.S.C.A. § 1615 (West 1999). Under this federal statute, the government bears an initial
burden of showing that the seized contraband is subject to forfeiture. Id.; United States v.
$129,727.00, 129 F.3d 486, 492 (9th Cir. 1997); United States v. Land, Prop. Currently Recorded
in the Name of Neff, 960 F.2d 561, 563 (5th Cir. 1992) (hereinafter, “Neff”). Once the
government makes this initial showing, the burden shifts to the claimant to prove by a
preponderance of evidence that the property is not subject to forfeiture. Id.; accord Ursery, 518
U.S. at 289, 116 S. Ct. at 2147-48.
      Following this parallel federal concept, we hold that the State bears an initial burden in an
article 18.18 forfeiture hearing to show that the seized property is contraband subject to forfeiture. 
See Rumfolo, 545 S.W.2d at 754; Brown, 685 S.W.2d at 408 n.2. Applying the plain meaning
of the words set forth in article 18.18(f), we further hold that, once the State has made this initial
showing, the burden shifts to the claimant to prove by a preponderance of the evidence that the
property is not subject to forfeiture and that “he is entitled to possession” of it.


 See Tex. Code
Crim. Proc. Ann. art. 18.18(f); Ursery, 518 U.S. at 289, 116 S. Ct. at 2147-48; $129,727.00,
129 F.3d at 492; Neff, 960 F.2d at 563; Rumfolo, 545 S.W.2d at 754; see also Tune v. Texas
Dep’t of Pub. Safety, 23 S.W.3d 358, 363 (Tex. 2000) (courts “must enforce the plain meaning
of an unambiguous statute”). Accordingly, the ultimate burden of proof in an article 18.18
forfeiture hearing lies with the claimant. See United States v. $506,231, 125 F.3d 442, 451 (7th
Cir. 1997).
      In the present case, the Hardys’ rely almost exclusively on the statutory exclusion provided
by section 47.01(4)(B) of the Penal Code. See Tex. Pen. Code Ann. § 47.01(4)(B) (Vernon
Supp. 2001). Because they bear the burden of proving by a preponderance of evidence that the
seized machines are not subject to forfeiture, we conclude that they bear the burden of proving that
the seized machines come within the statutory exclusion on which they rely.
STANDARDS OF REVIEW
      Because the Hardys bore the ultimate burden of proof in the forfeiture proceeding, their
challenge to the legal sufficiency of the evidence in actuality constitutes an assertion that they
established “as a matter of law” that the statutory exclusion applies to the seized machines. See
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Crow, 951 S.W.2d at 897. 
Under Sterner, we first search the record for evidence that supports the court’s refusal to find that
the statutory exclusion applies, disregarding all contrary evidence. See Sterner, 767 S.W.2d at
690; Waldrep v. Texas Employers Ins. Ass’n, 21 S.W.3d 692, 697 (Tex. App.— Austin 2000, pet.
denied). If we find some probative evidence to support the refusal to so find, then the inquiry
ends. See Sterner, 767 S.W.2d at 691; Waldrep, 21 S.W.3d at 702 n.14; Markowski v. City of
Marlin, 940 S.W.2d 720, 725 (Tex. App.— Waco 1997, writ denied). If not, we then search the
entire record to determine whether the Hardys established the application of the statutory exclusion
as a matter of law. See Sterner, 767 S.W.2d at 690; Waldrep, 21 S.W.3d at 697; Brush v. Reata
Oil & Gas Corp., 984 S.W.2d 720, 725 (Tex. App.—Waco 1998, pet. denied).
      We likewise construe the Hardys’ factual sufficiency challenge as an assertion that the court’s
refusal to find that the statutory exclusion applies is contrary to the great weight and
preponderance of the evidence. See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983);
Crow, 951 S.W.2d at 897. Such a challenge requires us to consider and weigh all the evidence,
not just the evidence which supports the court’s refusal to so find. See Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996); Vickery v. Commission for Lawyer Discipline, 5 S.W.3d 241, 258 (Tex.
App.— Houston [14th Dist.] 1999, pet. denied). We must sustain the court’s refusal to find,
unless it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Id.
      The Hardys also challenge the legal and factual sufficiency of the evidence to support one of
the court’s conclusions of law. However, a court’s legal conclusions cannot be challenged for
factual sufficiency. See Mangum v. State, 986 S.W.2d 788, 793 (Tex. App.—Amarillo 1999, pet.
denied) (per curiam); Clary v. Schmolke, 977 S.W.2d 883, 885 n.1 (Tex. App.— Beaumont 1998,
pet. denied). Instead, we review the court’s conclusions of law de novo. City of Houston v. Kolb,
982 S.W.2d 949, 952 (Tex. App.— Houston [14th Dist.] 1999, pet. denied); Hitzelberger v.
Samedan Oil Corp., 948 S.W.2d 497, 503 (Tex. App.— Waco 1997, pet. denied). We set aside
these conclusions only when they are erroneous as a matter of law. Id.
      With these standards in mind, we examine the issues presented.
GAMBLING DEVICES
      The Hardys contend in their second and fourth issues respectively that they established as a
matter of law that the seized machines are not gambling devices or gambling paraphernalia and
fit within the statutory exclusion provided by section 47.01(4)(B). They similarly argue in their
sixth issue that Conclusion of Law “a”— that the seized machines constitute gambling devices and
gambling paraphernalia—is erroneous as a matter of law.
      The Hardys’ first issue claims that the court’s finding that the seized devices are gambling
devices and gambling paraphernalia is contrary to the great weight and preponderance of the
evidence. They aver in their third issue that the court’s refusal to find that the statutory exclusion
applies to the seized machines is contrary to the great weight and preponderance of the evidence. 
Their fifth issue avers that Conclusion of Law “a” is not supported by factually sufficient
evidence.



      Central to all of the Hardys’ issues is their belief that they operated the seized machines in
such a manner that they would come within the statutory exclusion provided by section
47.01(4)(B). That provision reads in pertinent part as follows:
(4) “Gambling device” means any electronic, electromechanical, or mechanical
contrivance not excluded under Paragraph (B) that for a consideration affords the player
an opportunity to obtain anything of value, the award of which is determined solely or
partially by chance, even though accompanied by some skill, whether or not the prize is
automatically paid by the contrivance. The term:

            . . . .
 
                  (B) does not include any electronic, electromechanical, or mechanical
contrivance designed, made, and adapted solely for bona fide amusement
purposes if the contrivance rewards the player exclusively with noncash
merchandise prizes, toys, or novelties, or a representation of value redeemable
for those items, that have a wholesale value available from a single play of the
game or device of not more than 10 times the amount charged to play the game
or device once or $5, whichever is less.

Tex. Pen. Code Ann. § 47.01(4)(B).
      The parties do not dispute the manner in which the Hardys operated the seized machines. In
sum, the devices dispensed tickets in a number corresponding to the points accumulated which
could be exchanged for gift certificates or for money to play on another machine.



      A machine falls within the exclusion provided by section 47.01(4)(B) only if it “rewards the
player exclusively with noncash merchandise, prizes, toys, or novelties, or a representation of
value redeemable for those items.” Id. (emphasis added). The undisputed testimony establishes
that the seized machines did not award prizes, toys or novelties. The pivotal question is whether
the tickets dispensed constituted “representation[s] of value redeemable for [noncash merchandise
prizes, toys, or novelties].” Id.
      According to Webster’s, the term “cash” means “money or its equivalent.” Merriam-Webster’s Collegiate Dictionary 177 (10th ed. 1993); see also Albertson’s, Inc. v. Sinclair,
984 S.W.2d 958, 960 (Tex. 1999) (employing dictionary definition to construe statute). 
“Noncash,” then, is something other than “money or its equivalent.” A player could exchange
the tickets dispensed by the seized machines for gift certificates (an equivalent of money) or for
money to play on another machine. Accordingly, we conclude that the seized machines rewarded
players with tickets redeemable for “cash.” But see State v. One Super Cherry Master Video 8-Liner Machine, No. 03-99-751-CV, 2001 Tex. App. LEXIS 3891, at *13-16 (Tex. App.— Austin
June 14, 2001, no pet. h.) (State failed to prove as a matter of law that tickets dispensed by
machines operated in a similar manner were not exchangeable for “noncash merchandise”).
      The Hardys also contend that the seized machines fall within the statutory exclusion because
the value of the tickets which could be dispensed after a single play was “not more than 10 times
the amount charged to play the game or device once or $5, whichever is less.” See Tex. Pen.
Code Ann. § 47.01(4)(B). However, a reading of the statute reflects that this limitation refers
only to the value of the “noncash merchandise, prizes, toys, or novelties” which a player could
win by playing a particular machine. Id. Because the undisputed evidence establishes that the
seized machines rewarded players with tickets redeemable for “cash,” the fact that the Hardys
limited the amount of cash a player could win from a single play is irrelevant.
CONCLUSION
      The undisputed evidence establishes that the eight-liners and slot machines seized from Game
Time do not fit within the statutory exclusion provided by section 47.01(4)(B). Thus, the Hardys
failed to establish as a matter of law that the statutory exclusion applies. The court’s refusal to
find that the statutory exclusion applies is not contrary to the great weight and preponderance of
the evidence. Conclusion of Law “a” that the seized machines constitute gambling devices is not
erroneous as a matter of law. In view of these holdings, we need not address that portion of the
Hardys’ issues which challenges the court’s alternative findings and conclusions that the seized
devices constitute gambling paraphernalia.
      For these reasons, we conclude that the Hardys’ first, second, third, fourth, and sixth issues
are without merit.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
      (Justice Gray concurring)
Affirmed
Opinion delivered and filed June 27, 2001
Publish