# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
       )
       )
       )
   v.      )     I.D No. 1305018893
       )
       )
KEVIN H. BOONE,     )
       )
   Defendant.   )

## ORDER

Submitted: February 5, 2020[1]
Decided: May 12, 2020

**AND NOW TO WIT**, this 2nd day of June, 2020, upon consideration of Defendant Kevin H. Boone's ("Defendant") Motion for Return of Property the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On December 12, 2013, Defendant pled guilty to one count of Dealing in Child Pornography and three counts of Possession of Child

---

[1] The United States of America and the State of Delaware declared states of emergency due to COVID-19. As a result, per Administrative Directives of the Supreme Court of the State of Delaware and the Delaware Superior Court, and the national and local states of emergency, "[e]xcept as set forth in 10 *Del. C.* § 2007(c), deadlines in court rules or state or local statutes and ordinances applicable to the judiciary that expire between March 23, 2020 and June 13, 2020 are extended through July 1, 2020." Administrative Order No. 6 Extension of Judicial Emergency (Del. May. 14, 2020); *see also* Standing Order No. 6 Concerning COVID-19 Precautionary Measures (Del. Super. Ct. Apr. 15, 2020).

Pornography.[2]  Defendant was sentenced to twenty-four years at Level V, suspended after three years at Level V for transitioning levels of probation.[3]

2.     On December 20, 2017, this Court found Defendant to be in violation of probation.[4]  On the same day, at Defendant's Violation of Probation ("VOP") Hearing, Defendant was resentenced to twelve years at Level V, suspended upon Defendant's successful completion of the Transitions Sex Offender Program, followed by two and a half years of transitioning levels of probation.[5]  On February 23, 2018, Defendant filed a Motion under Rule 35(b) for Reduction of Sentence.[6]  Defendant's Motion was denied.[7]  On May 4, 2018, Defendant filed a Motion under Rule 35(a) for Correction of Sentence claiming his sentence was illegal.[8]

---

[2] *See* Trial Calendar/ Plea Hearing:  Pled Guilty and Sentenced, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 11 (Del. Super. Ct. Dec. 12, 2013); *see also* Sentence:  ASOP Order Signed and Filed 12/20/13, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 12 (Del. Super. Ct. Dec. 12, 2013).

[3] Special conditions of his probation included no unsupervised contact with minors under eighteen years of age and prohibited Defendant from internet access.

[4] *See* Violation-of-Probation Hearing:  Defendant Found in Violation, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 20 (Del. Super. Ct. Dec. 20, 2017).  Defendant allegedly:  (1) made contact with a minor via a personal ad posted on Craigslist; (2) had contact with a fourteen-year-old male minor, traveled out of state with him; (3) engaged in sexual activity with that minor in both Delaware and Pennsylvania in September and October 2017.

[5] *See* Sentence:  VOP ASOP Order Signed and Filed on 12/28/17, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 21 (Del. Super. Ct. Dec. 20, 2017).

[6] *See* Defendant's Motion for Reduction of Sentence, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 22 (Del. Super. Ct. Feb. 23, 2018).

[7] *See* Letter Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 23 (Del. Super. Ct. Apr. 17, 2018).

[8] *See* Defendant's Motion for Correction of Sentence, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 24 (Del. Super. Ct. May 4, 2018).

Defendant's Motion was denied.[9]  Defendant appealed to the Delaware Supreme Court.[10]  The Supreme Court affirmed the Superior Court's denial of Defendant's Motion.[11]

3.      On November 1, 2018, Defendant filed a Motion for Postconviction Relief.[12]  On December 23, 2019, Defendant's Motion was denied.[13]  Defendant also sought relief under 42 U.S.C. § 1983.  On April 24, 2019, the United States District Court for the District of Delaware dismissed Defendant's federal action as legally frivolous and without merit.[14]  On May 6, 2019, Defendant filed Petition for a Writ of Habeas Corpus.[15]  On May 9, 2019, Defendant's petition was denied.[16]  On May 20, 2019, Defendant filed a Letter claiming again that his 2017 VOP sentence was

---

[9] The Court held that Defendant's sentence did not exceed the statutory maximum, did not implicate double jeopardy, and was neither ambiguous nor contradictory.  *See* Letter/Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 25 (Del. Super. Ct. May 30, 2018).

[10] *See* Notice of Appeal, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 26 (Del. Super. Ct. June 28, 2018).

[11] *See generally Boone v. State*, 195 A.3d 481, 2018 WL 4908383 (Del. 2018) (TABLE) (affirming denial of Defendant's motion for correction of illegal sentence); *see also* Mandate Filed from Supreme Court:  Superior Court Judgment Affirmed, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 32 (Del. Oct. 29, 2018).

[12] *See* Defendant's Motion for Postconviction Relief, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 33 (Del. Super. Ct. Nov. 1, 2018).

[13] *See* Order Denying Defendant's Motion for Postconviction Relief, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 54 (Del. Super. Ct. Dec. 23, 2019).

[14] *See generally Boone v. Prob. & Parole of New Castle Cty., DE*, No. CV 18-1663 (MN), 2019 WL 1792300 (D. Del. Apr. 24, 2019).

[15] *See* Petition For Writ of Habeas Corpus, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 42 (Del. Super. Ct. May 6, 2019).

[16] *See* Order, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 45 (Del. Super. Ct. May 9, 2019); *see also* Petition For Writ of Habeas Corpus Denied, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 46 (Del. Super. Ct. May 9, 2019).

illegal.[17]  On August 15, 2019, Defendant filed a Motion to File Charges on Probation Officer also in this Court.[18]  Defendant's Motion was denied.[19]

4.  On February 5, 2020, Defendant filed this Petition for Return of Property pursuant to Superior Court Criminal Rule 41(e).[20]  Defendant claims that the State[21] conducted two searches of his residences in 2017,[22] and that during one of these searches, the State illegally "seized an orange folder belonging to the [Defendant], containing both personal financial and medical documentation."[23]  He requests that the Delaware State Police return the Defendant's folder and its contents.[24]

5.  Under Superior Court Criminal Rule 41(e), "[a] person aggrieved by the deprivation of property seized by the police may move the court for the return of the property on the ground that such person is entitled to lawful possession of the property."[25]  The Delaware Supreme Court has held that "a petition for return of

---

[17] *See* Defendant's Letter, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 47 (Del. Super. Ct. May 20, 2019).

[18] *See* Defendant's Motion to File Charges on Probation Officer, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 49 (Del. Super. Ct. Aug. 15, 2019).

[19] *See* Motion to File Charges on Probation Officer is Denied, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 53 (Del. Super. Ct. Nov. 15, 2019) (denying Defendant's Motion for failure to state a claim for relief under Superior Court Civil Rule 12(b)(6)).

[20] *See generally* Defendant's Motion for Return of Property, *State of Delaware v. Kevin H. Boone*, ID No. 1305018893, D.I. 55 (Del. Super. Ct. Feb. 5, 2020) [hereinafter "Def.'s Mot."].

[21] The State being (1) New Castle County Probation and Parole, and (2) Delaware State Police.

[22] Def.'s Mot. at ¶¶ 1-2.

[23] *Id.* at ¶ 3.

[24] *See generally id.*

[25] DEL. SUPER. CT. CRIM. R. 41(e).

property under Superior Court Criminal Rule 41(e) must be filed within a year of the defendant's criminal sentencing."[26]  Defendant's last sentence on his VOP was on December 20, 2017.  The Court finds that the motion, filed on February 5, 2020, is untimely.  Therefore, Defendant is procedurally barred.

**IT IS SO ORDERED** that Defendant's Motion for Return of Property is **DENIED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  Department of Justice
      Investigative Services
      Defendant

---

[26] *Buchanan v. State*, 998 A.2d 850, 2010 WL 2680539 (Del. 2010) (TABLE) (citing *Crawford v. State*, 859 A.2d 624, 626, 28 (Del. 2004) (quoting 10 *Del. C.* § 8115) (applying 10 *Del. C.* § 8115 to a return of property application, whereby "the statute requires that an action for forfeiture upon a penal statute must be filed within one year 'from the accruing of the cause of action.'")).